### RITCHIE v. McDUFFIE ET AL.

1. **Conveyance of Encumbered Land:** LIABILITY OF GRANTEE. Where land encumbered by a mortgage and taxes is conveyed, and there is no agreement on the part of the grantee to pay such encumbrances, he is not personally holden for them, though the land is holden.

2. **Mortgage to School Fund:** SUBSEQUENT TAXES: PRIORITY OF LIEN. Where land mortgaged to the school fund was afterwards sold for taxes subsequently accruing, the mortgage lien was superior to that of the holder of the tax sale certificate, and where such holder was made a party to an action to foreclose the mortgage, he had a right, under the statute, to redeem from the foreclosure sale, but, having failed so to do, his interest ceased, and the excution to him of a tax deed was properly enjoined.

*Appeal from Greene Circuit Court.*

THURSDAY, OCTOBER 18.

ACTION in equity, the object of which was to enjoin the execution of a tax deed for certain real estate to the defendant. The injunction was made perpetual, and defendants appeal.

*C. C. Cole,* for appellants.

*C. H. Jackson,* for appellee.

SEEVERS, J.—The case was submitted to the circuit court and to this court on an agreed statement of facts, the ma-

terial portion of which is as follows: The real estate in controversy in 1874 was owned by one Marmon, and he executed a mortgage to the school fund. Marmon conveyed to Reynolds, and he to Smith, in November, 1875. Both Reynolds and Smith agreed to pay the mortgage. In July, 1877, Smith executed an agreement, whereby he bound himself to convey by warrantee deed one undivided half of the premises to Jackson, upon the happening of a condition.

Jackson became entitled to a deed in December, 1877, but it was not executed. In February, 1880, Smith conveyed all his interest to Jackson by quit claim deed.

In 1879, the school fund mortgage was foreclosed. To this action McDuffie was made a party, and a decree was entered declaring the mortgage to be superior to any lien held by McDuffie. In July thereafter, the premises were sold by the sheriff under the decree, and Greene county became the purchaser. A certificate of purchase was issued to the county. No redemption from such sale was made by McDuffie or any one else. On the 9th day of July, 1880, Greene county, for a valuable consideration, assigned the certificate of purchase to Jackson, and the premises were conveyed to him by the sheriff. Afterward, Jackson conveyed by warranty deed to the plaintiff. The land was sold in 1876 and 1877, for the taxes due and delinquent for the years 1875 and 1876, and McDuffie purchased the same at such sale, and now claims that he is entitled to a tax deed to the property in controversy.

Counsel for the appellants insist that the mortgagor to the school fund became bound to pay the taxes, and also to pay the mortgage. This may well be conceded. It is further insisted that the "grantees of the mortgagor acquired the property with full knowledge of the conditions imposed upon their grantor; they became privies in estate, and substituted in the place of their grantors, and were therefore severally liable for the payment of the taxes due on said land, as well as the mortgage thereon." In support of this proposition, Code, § 857, and *Porter v. Lafferty*, 33 Iowa, 254, are cited.

That Reynolds and Smith were bound to pay the mortgage is true, because they agreed so to do. Smith, it will be assumed, was bound to pay the taxes for 1875 and 1876, because he owned the premises at the time they accrued. But Jackson never agreed to pay the mortgage or taxes, and we are unable to see that he was under any legal obligation to do so. No obligation is cast on him to pay the taxes by the section of the Code above cited, and, as we understand, *Porter v. Lafferty*, above cited, is, as to this branch of the case, an authority against the appellants.

The real point in this case may be briefly stated. Smith was under obligation to pay both the mortgage and the taxes. He conveyed to Jackson, and appellant claims that this fact alone and of itself makes Jackson personally liable for, or casts on him an obligation to pay, the taxes. No authority has been cited which so holds, and we do not think such is the law. The land ordinarily would, in Jackson's hands, be so liable, but no personal obligation would be cast on him. But the mortgage to the school fund was the superior lien, and had been so declared by the court. McDuffie could have redeemed from such lien, but he failed to do so.

There being no legal obligation on Jackson to pay the taxes, he could well take from the county an assignment of the certificate of purchase, receive a conveyance from the sheriff, and become possessed of just the same rights and equities as the county would have had if the conveyance had been executed to it. The plaintiff cannot be liable if Jackson is not, and he holds the land free from the claimed lien of McDuffie.

                                                    AFFIRMED.