ROUSE, HAZARD & CO.

*v.*

THE WESTERN WHEEL WORKS.

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

1. CONTRACTS—*acceptance of amount in default not a waiver of notice of cancellation.* A notice of cancellation given by one party, under the terms of a contract, upon default by the other party in making payment, is not waived by the mere acceptance by the former of the amount in default.

2. SAME—*notice of cancellation is not avoided by notice by other party of election to continue.* A notice of cancellation of a contract given by one party upon default by the other in making payment cannot be avoided by notice of election to continue the contract under its terms given by the latter after acceptance by the former of the amount in default.

*Rouse, Hazard & Co.* v. *West. Wheel Works,* 66 Ill. App. 647, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

The following excerpt from the opinion of the Appellate Court is a fair statement of the case:

"Both parties are Illinois corporations, engaged in the manufacture and sale of bicycles, and on December 15, 1893, entered into a written contract of that date concerning the agency and sale within a specified territory, by the appellant, of the wheels of the appellee. The location and principal office of the appellant was at Peoria and that of appellee was at Chicago. By the terms of the contract it was to continue in force during the year 1894, unless sooner terminated in the manner provided therein, and an option was given the appellant to renew the agreement from year to year for five years longer, upon giving to the appellee a written notice of its intention to renew the same at least thirty days before the expiration of any calendar year for which the agreement

should be renewed.   The contract contained agreements
by the appellant that it would work the territory covered
by the agency in a thorough manner, and do everything
possible to maintain the reputation and increase the sale
of appellee's wheels, and would, in the utmost good faith,
make every effort to sell the same.   On the part of ap-
pellee it was agreed that it would consign to appellant
wheels in such quantities as should be agreed upon by
the parties from time to time, and the appellant agreed
to pay, within ninety days from the first day of each
month, for all wheels so consigned and sold by appellant
during the preceding month.   It was also agreed that if
appellant should neglect, fail or refuse to perform, keep
or observe any of its covenants, then the appellee should
have the right to terminate the contract by serving ap-
pellant with a written notice of such termination.

"Controversies arose between the parties, and under
date of October 1, 1894, the appellee served notice upon
the appellant that it elected to and did terminate the
contract upon two grounds: First, because of the failure
to pay within ninety days from July 1, 1894, the amount
due on account of June sales; and secondly, for failure
to comply with the terms of the contract concerning the
working of the territory and increasing the sales and
reputation of appellee's wheels.   On the next day the
appellant sent to appellee a draft for the amount of the
June sales, which was kept by appellee.   Correspondence
ensued, in which the appellant insisted that it had per-
formed everything required by the contract and demanded
that appellee should continue to furnish wheels, but the
appellee refused to withdraw its notice of termination of
the contract and insisted that such notice must be re-
garded as final.   In the same month of October the appel-
lant gave notice to the appellee that it elected to continue
the contract for a period, first of one year, and afterward
for a period of five years, from January 1, 1895, upon the
terms, etc., contained in the contract; and subsequently

the appellee began this suit upon the contract for the amounts due from consignments and sales thereunder, and upon a trial without a jury the court gave the judgment for $16,630 which is appealed from.

"The appellant gave notice of a set-off under the general issue, claiming that the contract was wrongfully attempted to be terminated by the appellee, who thereafterwards refused to perform it, whereby the appellant suffered damage, 'being the profits which said defendant (appellant) would have realized on the sale thereafter' of bicycles had the defendant not been prevented by the wrongful acts of the appellee from performing the contract. The notice of set-off also set up the notice that appellant served upon appellee of its election to continue the contract in force for five years longer, and averred great damage to the appellant from its loss of commissions for the unexpired part of 1894, and for the five years thereafter following, because of the wrongful act of the appellee in terminating the contract and refusing to continue it."

SMITH, BLAIR & SMITH, and STEVENS, HORTON & ABBOTT, for appellant.

CHANNING M. COLEMAN, and BARNUM, HUMPHREY & BARNUM, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

It has been settled by the judgments below that appellant was, at the time of the commencement of this suit, indebted to appellee for a balance under the contract, which, with interest thereon at five per cent, amounted to the sum recovered. It has also been finally determined as a question of fact, that when appellee gave appellant the notice of date October 1, 1894, canceling the contract, appellant was in default in not having paid, within the period of ninety days fixed by the contract, balances for the previous month of June, of $1887.55. The condition

had happened which, by the terms of the contract, gave appellee the right to terminate it. Appellee exercised that right and the contract thereupon came to an end. The fact that appellee accepted payment of the $1887.55 after it gave the notice was not a waiver of such notice nor a re-affirmation of the contract, as seems to be contended. The money was past due and owing whether the contract was canceled or not.

The point that interest was not recoverable is not well taken. The money had become due on an instrument of writing, and thereafter bore interest under the statute.

We are unable to find any error in the rulings of the trial court in refusing propositions submitted by the defendant to be held as law in the decision of the case. So far as they related to the alleged set-off filed by the defendant, they were properly refused. After the contract had been terminated by appellee, appellant gave notices that it had elected to continue it in force, first for another year and then for five years, under the eighth section of the contract, and then claimed damages because appellee refused to furnish bicycles any longer under the contract which it had terminated. It cannot reasonably be contended that appellant could continue in force for the period of another year or years a contract which the other party had, in accordance with its terms, terminated, or that it could, while it was itself in default so that appellee had the right to terminate the contract, prevent such termination by giving notice of its election to continue it for a longer period. The right to elect to extend the duration of the contract depended, of course, upon such compliance by appellant with its terms that it would not be rescinded by the election of appellee for appellant's alleged default. If extended it would still have been subject to rescission by appellee for failure to pay according to its terms.

It is said the court erred in not taking into consideration a previous contract, preliminary to the one sued on,

as explaining the meaning and intent of the latter. We cannot so hold. The contract sued on expressly provides that it took the place of all previous contracts. It was not ambiguous and its meaning was expressed by its own terms.

Finding no error, the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*