NATIONAL HOME BUILDING AND LOAN ASSOCIATION, Appellant, v. SCUDDER-GALE GROCER COMPANY, Respondent.

St. Louis Court of Appeals, December 12, 1899.

1. **Purchaser**: PROPERTY MORTGAGED: ASSUMPTION OF DEBT. Where the testimony shows that the purchaser took the property just like the seller, held it to pay the dues and the mortgage debt, or to do as he liked about it, and the trial court finding tnat he did not assume the mortgage debt, such finding will be acceded to and the judgment affirmed.

2. ———: ———: ———: FINDINGS' OF COURT. Every reasonable intendment or inference to be drawn from the evidence in support of the trial court, must be adopted.

3. ———: ———: ———: SUBJECT TO THE MORTGAGE. The fact that the deed to respondent, provided for the payment of the taxes on the land, and mentioned that the property was subject to the mortgage, it is but reasonable, that if respondent was to pay mortgage debt, a covenant to that effect would most likely have been inserted in the deed, and its not having been done, is strong and persuasive evidence that respondent did not agree as a part of the consideration of the deed, to pay off the incumbrance.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*Sturdevant & Sturdevant* and *J. R. Long* for appellant.

(1) A parol agreement by the grantee of real estate with his grantor to assume and pay off an existing incumbrance thereon is valid and binding upon the grantee, and may be enforced by the holder of such incumbrance, and that such an agreement is not in violation of the statute of frauds. 2 Devlin on Deeds, sec. 1037; Lamb v. Tucker, 42 Iowa, 118; Putney v. Forham, 27 Wis. 187; Merriman v. Moore, 90 Pa. St. 78; Wilson v. King, 23 N. J. Eq. 150; Burnham v. Dorr, 72 Mainé, 198; Drury v. Holden, 121 Ill. 128; Lock v. Homer, 131 Mass. 93-102. (2) An agreement with the owner of real estate by the purchaser to pay off an incumbrance thereon, as a part of the consideration thereof, rests upon a valuable and sufficient consideration, and such an agreement may be enforced by any payee of such incumbrance. Drury v. Holden, 121 Ill. 130; Merriman v. Moore, 90 Pa. St. 78; Bay v. Williams, 112 Ill. 91; Horr v. Murphy, 45 Neb. 809; Enos v. Sanger, 96 Wis. 150. An action based upon contract executed in and governed by the laws of a foreign state, the laws of such foreign state are competent evidence for the purpose of showing the construction and liability upon such contract in the state where made, without being pleaded. Halch v. Hanson, 46 Mo. App. 323; Robertson v. Wabash, 84 Mo. 121; State v. Payels, 92 Mo. 310.

*W. B. Homer* for respondent.

(1) The burden of proving the contract alleged is upon the plaintiff. In a case like the present, where there is a

deed made, all doubts are resolved against the grantor, and if the court should be of the opinion that a verbal promise will sustain the alleged contract, then this promise must be clearly proven, and greater weight will be given to written documents than to oral testimony. Rapp v. Stoner, 104 Ill. 624; 16 Am. and Eng. Ency. of Law (Note 1), p. 892. (2) The fact that a party recognizes a mortgage and pays interest on it, is no agreement, or evidence of an agreement, to pay the mortgage itself. Fiske v. Tolman, 124 Mass. 254. (3) Under the law of Missouri, there can be no claim of the plaintiff's right to recover in this case. Hicks v. Hamilton, 144 Mo. 495; Crone v. Stinde, 68 Mo. App. 122. Under the allegations of the petition, the Illinois opinions were not properly received in evidence. Clark v. Barnes, 58 Mo. App. 670; Garrett v. Conklin, 52 Mo. App. 654. (4) The plaintiff failed to prove any deed made by Martha E. Wright, conveying any property at all to the defendant. McFadden v. Rogers, 70 Mo. 425; Bradley v. Railroad, 91 Mo. 498; Rosh v. Brown, 101 Mo. 590.

BIGGS, J.—The plaintiff is an Illinois corporation. In 1890 one Isabel R. Drake subscribed for five shares of its stock. In January, 1891, she borrowed $500 of the association, for which she gave her note payable in monthly instalments until the series in which her stock was placed fully matured. To secure this loan she transferred her certificate of stock to the plaintiff, and she also executed a mortgage to it on a lot owned by her and situated in Creal Springs, Illinois. Subsequently, to wit, in August, 1892, the title to the lot by mesne conveyances was vested in Martha E. Wright, wife of W. F. Wright. The lot was conveyed to Mrs. Wright subject to the aforesaid mortgage. In 1894, W. F. Wright became indebted to the defendant (a Missouri corporation), in the sum of $119. In payment of his debt the defendant, through one Eubanks, its local agent at Creal Springs (who

was also the agent of the plaintiff at that place), agreed to accept a deed from Mrs. Wright to the lot in question. The deed recited a consideration of $500, and that the defendant was to pay the taxes then due on the property, and it contained the further recital that the lot was conveyed subject to the aforesaid mortgage. Some time after the purchase by defendant default was made in the payment of the instalments due plaintiff on the debt. The present action is brought by plaintiff to charge the defendant with the payment of the balance due on the note. The plaintiff predicates its right of recovery on an alleged parol agreement by Eubanks that defendant would, as part of the consideration of the transfer of the lot from Mrs. Wright assume and pay the mortgage debt. The defendant denied liability. The cause was submitted to the court without the intervention of a jury. At the conclusion of the trial the court, in accordance with the request of the parties, made the following written findings of fact, to wit:

"The court finds that the facts of this case are as follows: The plaintiff is a building and loan association, a corporation organized and doing business under the laws of the state of Illinois, with its principal place of business at Bloomington, Illinois. The defendant is a corporation organized under the laws of the state of Missouri, having its principal place of business at the city of St. Louis, Missouri.

"On the twenty-second day of January, 1891, one Isabell R. Drake executed a bond for $500, to the plaintiff and made a mortgage to secure said bond on the following described property, situated in the county of Williamson in the state of Illinois to wit: The west half of lot one, in block three, in the second survey to Creal Springs.

"Prior to the date of making said bond and mortgage the said Isabell R. Drake was the owner of five shares of stock in the said plaintiff corporation. On the twenty-third day of January, 1891, said Isabell R. Drake and her husband conveyed the property in question to W. A. Phelps, J. C. Phelps,

and T. M. Phelps, by which deed the grantees agreed to pay the aforesaid mortgage.

"On the twenty-fifth day of February, 1891, J. C. Phelps and wife conveyed the said property to W. A. Phelps and T. M. Phelps, which deed was made 'subject to one certain mortgage held by the National Home Building & Loan Association, of Bloomington, Illinois, for $500.'

"On the twenty-sixth day of August, 1891, T. M. Phelps and wife conveyed by deed said property to W. A. Phelps, in which deed there was no reference made to the aforesaid mortgage.

"On the fifth day of March, 1892, W. A. Phelps and wife conveyed the property in question to W. H. Willeford and W. F. Wright, in which deed there was no reference made to the said mortgage.

"On the sixteenth day of August, 1892, by deed W. F. Wright, W. H. Willeford and Susie E. Willeford, his wife, conveyed said property to Martha E. Wright, in which deed there was no reference made to said mortgage.

"Martha E. Wright is the wife of W. F. Wright. I do not find that the stock in the said plaintiff corporation had been transferred to the successive grantees of said land.

"Prior to April 7, 1894, the defendant had obtained a judgment against W. F. Wright. One Eubanks represented the defendant at Creal Springs, in Illinois, in attempting to collect this judgment, and for the purpose of satisfying the judgment, the paper offered in evidence under the date of April 7, 1894, was delivered to defendants herein. This paper was executed by Martha E. Wright and W. F. Wright, her husband. W. F. Wright, prior to the execution of the paper last referred to, which paper contains the names of no grantors, had a conversation with Eubanks, and I find that the defendant did not, by virtue of said conversation, or at any other time, assume or agree to pay the mortgage hereinbefore referred to.

"I find that the defendant paid to the plaintiff on the

twenty-second day of May, 1894, $9.12; on the third day of July, 1894, $9.12, and on the tenth day of October, 1894, $36.84.

"I do not find that the said stock in the plaintiff corporation was assigned to the defendant.

"I do not find under the evidence that either W. F. Wright or Martha E. Wright assumed or agreed to pay the bond or mortgage referred to hereinbefore.

"I find that under the laws of the state of Illinois, if a grantee in a deed assumes and agrees to pay a mortgage which his grantor has not assumed and agreed to pay, under the laws of Illinois such agreement, if part of the consideration of the conveyance of the real estate so mortgaged, would be binding upon the grantee.

"I find that the defendant did not assume and agree to pay the mortgage in question as a part of the consideration of any conveyance to them."

Judgment was rendered for defendant and plaintiff appeals.

The appellant rest its case upon the single proposition that the finding of the court that the defendant did not orally or otherwise agree to assume and pay the mortgage debt, is opposed to all the evidence. If appellant is wrong in this, it is conceded by counsel that the judgment should be affirmed. For the purpose of disposing of this assignment a full abstract of all testimony bearing on the question should have been presented by appellant. Its attorneys have only met this requirement in a measure. However we have overlooked this violation of the rules of practice, and have given the evidence, which is contained in a voluminous transcript, a careful consideration, and have concluded that the assignment of error must be overruled. In support of the contention the appellant relies upon the testimony of W. F. Wright and certain letters written by defendant to plaintiff. In his examination in chief Wright stated that Eubanks agreed that defendant

should pay the mortgage debt. On his cross-examination he said: "Why I told him (Eubanks) I wanted to trade them the property on that debt, I told him it has the loan on it, which he already knew was on it; I told him I wanted to trade him the property and let him take it, just as I had it, take the responsibility of the loan, pay the dues or pay the mortgage and raise the property, or do as they liked about it, he said he would write them and see if that proposition suited."

"Q. What next was done? A. The next time I saw him he had got an answer from them asking him some questions about it which he answered himself."

"Q. What did he next do or say? A. He let me know in a very short time that the trade was all right, that they would make the trade, that they accepted the proposition that I made to them, they would take the property as I had it in lieu of the debt that I owed them." The defendant paid the monthly instalments on the stock for a short time, and during the time it had some correspondence with plaintiff concerning alleged defaults occurring prior to defendant's purchase. In some of those letters the defendant made the statement that it "assumed the payment of the mortgage debt." On the other side of the question is the deed itself, which expressly recites that the defendant was to pay the taxes due on the property, and that the property was sold subject to the mortgage.

Every reasonable intendment or inference to be drawn from the evidence in support of the conclusion of the trial court must be adopted. Now, it is fairly to be inferred from the testimony of Wright that under the terms of sale the defendant had the option to pay or not to pay the mortgage debt as it might seem proper, for he says "it (defendant) was to take it (the property), just like I had it, take the responsibility of the loan, pay the dues or pay the mortgage and raise the property, or do as they (defendant) liked about it." It is undisputed that Wright and his wife held the property free from any personal obligation to pay the debt. The expres-

sions in the letters may well be read in a qualified sense that is that defendant must satisfy the mortgage if it expected to reap any advantage from its purchase. It is stated therein that defendant was to pay the taxes on the land. If it was also understood that it was to pay the mortgage debt, it is but reasonable that this covenant would likewise have been inserted. That it was not so inserted, but on the contrary expressly stated that the conveyance was made subject to the mortgage, is strong and persuasive evidence that the defendant did not agree, as a part of the consideration of the deed, to pay off the incumbrance. It is useless to extend the discussion.

The judgment of the circuit court will be affirmed. All concur; *Bland* in the result.