MARY A. SCHOLTEN

*v.*

ROSA BARBER.

*Opinion filed October 24, 1905.*

1. CONFLICT OF LAWS—*common law presumed to prevail in foreign States.* Upon the question of the rights of mortgagee and mortgagor and the latter's grantees, the common law will be presumed to be in force in a foreign State unless the contrary is shown by averment and proof.

2. MORTGAGES—*mere purchase of land does not make purchaser liable for encumbrance.* The mere purchase of land does not render the purchaser liable for an encumbrance upon it in the absence of any agreement by him to pay it, either express or implied by law from the circumstances.

3. SAME—*rule as to assuming encumbrance.* In Illinois, as between the mortgagor and his grantee who assumes payment of the encumbrance, the grantee becomes the principal debtor and the mortgagor becomes the surety; but unless the mortgagee agrees to such change he may disregard the arrangement and bring his action against the mortgagor only, or he may accept the promise, and, treating it as an additional remedy, bring his action against the grantee.

4. SAME—*what does not amount to agreement to pay encumbrance.* A grantee under a quit-claim deed making no reference to the encumbrance on the land does not, by signing new interest notes at the maturity of the original note evidencing the mortgage debt, become the principal debtor, so as to relieve the original mortgagor from liability to the mortgagee for a deficiency remaining after foreclosure and sale.

5. SAME—*agreement to assume encumbrance is not a covenant running with the land.* An agreement in a deed to assume an encumbrance on the land is not a covenant running with the land, and the rights and obligations of subsequent grantees holding under quit-claim deeds making no reference to the encumbrance are not affected thereby.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

R. M. NICHOLS, GEORGE C. REBHAN, and FRANKLIN A. MCCONAUGHY, for appellant.

WISE & MCNULTY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 17, 1894, the appellant, Mary A. Scholten, of the city of St. Louis, in the State of Missouri, executed her promissory note to George N. Cooper, of said city, for $5000, payable five years after date, and secured the same by a trust deed upon certain real estate in said city. She afterwards conveyed the property to Charles Dexter, and in the conveyance he assumed the payment of the encumbrance. The note was assigned by Cooper to Rosa Barber, the appellee. There were several subsequent conveyances of the property by quit-claim deeds containing no assumption of the mortgage debt, ending with a deed of that character from G. L. Martin to W. H. Millam. The indebtedness secured by the trust deed drew interest at eight per cent, and at the maturity of the note it was reduced to six per cent, and notes were given for interest at that rate for the next three years, signed in the name of W. H. Millam by the J. T. Donovan Real Estate Company, as agent. The following endorsement was also placed upon the principal note:

"The time of payment of this note is hereby extended for three years, from 1-17-'99, at six per cent, provided interest is paid semi-annually in accordance with notes hereto attached—the name of W. H. Millam.                   J. T. DONOVAN REAL ESTATE Co.,
                                              By J. M. Donovan, V.-Pres."

The interest notes so given were paid, with the exception of the last one. The trust deed was foreclosed and the proceeds were endorsed on the principal note, leaving a balance due, for which this suit was brought by appellee in the circuit court of St. Clair county against the appellant. On the trial the court directed a verdict in favor of the plaintiff for the

amount due on the note, and judgment having been entered
on the verdict, an appeal was taken to the Appellate Court
for the Fourth District, where the judgment was affirmed.

The defense which was set up by special plea was, that
under this state of facts defendant was discharged from all
liability by the law of the State of Missouri, where the note
was made and was payable. The argument against the rul-
ing of the court presented here is, that Millam assumed the
payment of the amount due on the trust deed and thereby
became the principal debtor to the plaintiff, and defendant,
the maker of the note, became surety for Millam; that the
plaintiff extended the time of payment to Millam, as princi-
pal debtor, without the knowledge or consent of the defend-
ant, and that, being a mere surety, she was released from all
liability.

In this State the rule is, that as between the mortgagor
and his grantee who assumes the payment of the encum-
brance, the grantee becomes principal debtor and the mort-
gagor becomes his surety. But the mortgagee is in nowise
affected by the agreement to which he is not a party. He
may disregard it and bring his action against the original
debtor only, or he may accept the promise made for his bene-
fit, and, treating it as an additional remedy, bring his action
against the grantee. If the agreement is accepted by the
mortgagee, each party to it is an original promisor for the
payment of the encumbrance, but the contract rights of the
mortgagee cannot be changed by any arrangement between
the mortgagor and his grantee unless the mortgagee agrees
to such change. (*Flagg* v. *Geltmacher,* 98 Ill. 293; *Fish* v.
*Glover,* 154 id. 86; *Webster* v. *Fleming,* 178 id. 140.) On
a question of this character we assume that the common law
is in force in another State unless the contrary is shown by
averment and proof. (*Crouch* v. *Hall,* 15 Ill. 263; *Schlee*
v. *Guckenheimer,* 179 id. 593.) The special plea alleged
that, in consideration that Millam assumed the payment of
the note, the time of payment thereof was extended, and that

by the law of the State of Missouri the effect of such extension was to release the defendant from all obligation to pay the note. The evidence as to the law of Missouri was, that where a grantee receives a conveyance and in the deed the grantee assumes and agrees to pay an existing encumbrance, the contract of the mortgagor or maker of the note secured by the encumbrance is changed to that of surety and the grantee becomes the primary debtor, and that the extension of the obligation by the holder of it without the consent of the surety releases the surety. That evidence did not tend to prove that the law of Missouri, as applicable to this case, is different, in any respect, from the law of this State, for the reason that in the deed to Millam he did not assume or agree to pay the encumbrance. In the deed of the defendant to Dexter the grantee assumed the payment of the amount due on the trust deed, but the subsequent quit-claim deeds contained no assumption of it. The mere purchase of land does not render the purchaser liable for an encumbrance upon it, and an obligation on his part to pay it can only arise from his contract, either express or implied by law from the circumstances. (*Crawford* v. *Nimmons,* 180 Ill. 143; 20 Am. & Eng. Ency. of Law,—2d ed.—986.) There was no agreement by Millam to pay the amount of the encumbrance when the endorsement was made on the note or at any other time. Whatever legal effect could be given to the endorsement signed by the Donovan Real Estate Company or to the interest notes executed by the same company as agent, there was no agreement on the part of Millam to pay the principal note. Plaintiff could not have maintained an action against Millam for the amount of such note, and as he never assumed or agreed to pay it, the defendant never became and could not become his surety.

The court refused to admit in evidence a copy of one of the quit-claim deeds in the chain of conveyances to Millam for want of sufficient evidence upon which to introduce such copy. The question whether the ruling was correct is imma-

terial. The promise of Dexter to pay the encumbrance was not a covenant running with the land, and if the deed had been admitted so as to show the legal title in Millam, the rights of the parties would not have been affected in any way. There was no evidence tending to prove a defense to the note, and the court was right in directing a verdict for the amount due on the note.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*