## VAN EMAN v. MOSING.

No. 2285.    Opinion Filed December 7, 1912.

Rehearing Denied January 7, 1913.

(129 Pac. 2.)

1. **MORTGAGES—Sale of Land—Mortgage Debt—Liability of Purchaser.** The mere purchase of the equity of redemption in mortgaged land does not make such purchaser liable personally for the payment of the mortgage debt.

2. **SAME.** No personal obligation rests upon the purchaser of mortgaged land to pay the mortgage debt, unless by agreement he assumes its payment, or, by retaining the amount out of the purchase price, or otherwise, he clearly makes the debt his own.

3. **SAME—Foreclosure—Deficiency Judgment.** Where the purchaser of mortgaged land has not assumed the payment of the mortgage debt, nor otherwise clearly made the debt his own, a personal or deficiency judgment cannot, ordinarily, be rendered against him in a suit on the debt, or to foreclose the mortgage.

(Syllabus by Brewer, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by William Mosing against G. S. Van Eman. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Eagleton, Biddison & Merritt* and *Orton & McNeill,* for plaintiff in error.

*Victor O. Johnson* and *L. S. Wilson,* for defendant in error.

Opinion by BREWER, C. In January, 1907, Van Eman and Mosing each owned an undivided one-half interest in the S. E. ¼ of section 20, township 20 N., range 7 E., in Pawnee county. Several years prior, a grantor in the chain of title had incumbered the quarter section with a mortgage for $800. January 5, 1907, the two owners by mutual agreement partitioned the land; Van Eman quitclaiming to Mosing the W. ½ and Mosing to Van Eman the E. ½ of the quarter section. Van Eman received the improved 80 and paid Mosing $200 as boot to equal-

ize the values. It was understood that the incumbrance should hold in equal parts as a lien upon each man's land. The two, prior to the division, had paid interest on the mortgage, share and share alike. In August, 1908, Van Eman refused to pay any more interest, claiming that because the estate of one of their former grantors had not been probated the title was defective. When the mortgage note became due in February, 1908, Van Eman refused to pay any part of the debt and suggested foreclosure as a means of cleaning up the title. Mosing then, without the knowledge of Van Eman, so far as the record discloses, paid off the mortgage debt, amounting with interest to $845.20, received the note and mortgage, but the release was sent by the mortgagee direct to the register of deeds and was recorded. After the recording of the release, Van Eman sold and conveyed, by quitclaim deed, his interest in law and equity in the land, and this deed was on February 20, 1908, also placed on record. This suit was brought March 7, 1908, by Mosing against Van Eman and his grantee, a man named Hinton, on the ground that they had conspired together to defraud plaintiff, and to defeat his right to a lien on the other half of the land, and to subrogation to the lien thereon, and for judgment against Van Eman for a contribution to the amount of one-half the mortgage debt. The case was by agreement tried by the court, which found that "the allegation of conspiracy to defraud plaintiff is wholly unsupported by any evidence in the case," and further that "the defendant Hinton is an innocent purchaser for value and without notice," etc. The court, however, held, as a matter of law, that the plaintiff was entitled to a personal judgment against Van Eman for one-half of the indebtedness paid off, on the theory that he had received the benefits of the payment, and therefore that equity will raise an implied promise to pay by the beneficiary for the benefits received.

We have read the evidence carefully, and it is nowhere shown in it that, when Van Eman sold, by quitclaim deed, all his right, title, and interest in the land, he had any knowledge that the mortgage had been paid off and that the land was clear; nor is there a suggestion that he sold it as clear land, and received its

full value, thereby receiving the benefits of plaintiff's paying off the incumbrance. We cannot assume facts upon which to predicate a judgment of a court. The evidence introduced is to our minds more favorable to the assumption that Van Eman was dissatisfied with the land and the conditions surrounding it, and, without knowledge that the mortgage had been paid, found a purchaser, and sold to him his interest, consisting of an equity in the land, not in any way taking into account, or getting the benefit of, the unknown discharge of the mortgage. We say this, because the conveyance to Hinton was merely by quitclaim deed of all his interest in law and equity in the premises. This fact is somewhat significant. If Van Eman knew the mortgage had been paid, and was selling, and receiving the price for, unincumbered land, the ordinary course would have been for the purchaser to demand, and the seller to freely give, an ordinary deed or conveyance with warranties.

But, however, it is futile to here speculate on the matter. The judgment must stand, if stand it can upon the record as made; and this fails to show the slightest fact proving, or from which legitimate inference may be drawn, that Van Eman did other than sell, for what he could get for it, his equity in land incumbered by a mortgage he had not assumed and for the payment of which, therefore, he was not personally liable.

If it had been shown that Van Eman was aware of the payment, and that the land was clear, and with this knowledge sold it as such, receiving its full price as clear land, thus knowingly taking to himself the benefit of plaintiff's payment, a very different question would be presented, and we would feel like going to the uttermost frontier of equitable rules to affirm the case. As it stands it cannot be done.

It is the law that the mere purchase of the equity of redemption in mortgaged lands does not make the purchaser liable for the payment of the mortgage debt. No personal obligation rests upon him to pay it unless by agreement he assumes the debt, or makes the debt his own, by retaining the amount of it out of the purchase price or otherwise. 27 Cyc. 1340 *et seq.,* and cases cited; Jones on Mortgages, vol. 2, sec. 1712; *Nelson v. Rogers*

*et al.,* 47 Minn. 103, 49 N. W. 526; *Searing v. Benton,* 41 Kan. 758, 21 Pac. 800; *Hull v. Young,* 29 S. C. 64, 6 S. E. 938; *Tichenor v. Dood,* 4 N. J. Eq. 454; *Mueller v. Renkes,* 31 Mont. 100, 77 Pac. 512; *National H. B. & L. Co. v. Scudder-Gale Gro. Co.,* 82 Mo. App. 245; *Ritchie v. McDuffie et al.,* 62 Iowa, 46, 17 N. W. 167; *Scholten v. Barber,* 217 Ill. 148, 75 N. E. 460; *Crebbin v. Shinn et al.,* 19 Colo. App. 302, 74 Pac. 795. Unless such a purchaser has so assumed the debt, he is not liable in a suit to foreclose to have a personal, or deficiency judgment, rendered against him. Jones on Mortgages, vol. 2, sec. 1712.

In the case at bar neither of the parties to this suit were personally liable for the payment of the mortgage debt, not having assumed or agreed to pay it; they could have abandoned the property, or let it be sold under foreclosure. Either of them could sell his equity in the land and wash his hands of the entire matter; were it not so, it would be extremely hazardous to have anything to do with incumbered estates. The incumbrance being against the land of both these parties, when plaintiff paid it off, he was entitled to be subrogated to the rights of the mortgagee, and to proceed against defendant's lands for the proper contribution, unless by his own management of the matter he has lost this right, through the coming into the case of the rights of an innocent purchaser who took the title discharged of the incumbrance.

The facts disclosed by the record do not call for an application of the equitable doctrines so interestingly discussed in the briefs filed.

The cause should be reversed and remanded.

By the Court: It is so ordered.