Emil H. Seeman, Defendant in Error, v. John Mills, Plaintiff in Error.

Gen. No. 21,664.

1. MORTGAGES, § 223*—*what is relation between mortgagee and grantee assuming indebtedness.* Where a grantee under a deed assumes the debt of a mortgagor, the only relation of principal and surety raised thereby is between themselves, and as to the mortgagee, such grantee becomes an additional promisor on the mortgage note.

2. MORTGAGES, § 227*—*what are remedies of mortgagee where grantee assumes incumbrance.* A mortgagee whose mortgagor has conveyed to a grantee under an arrangement that the grantee assume the payment of the incumbrance may disregard the agreement and proceed against the mortgagor, or may treat the promise made for his benefit as an additional remedy and proceed against the grantee.

3. MORTGAGES, § 227*—*what is effect of assumption of debt by grantee.* The rights of a mortgagee cannot be changed by arrangements between the mortgagor and a grantee of such mortgagor for an assumption of the debt, where such arrangements are without the consent of the mortgagee, but, if such arrangement is accepted by the mortgagee, each party to such agreement is an original promisor for the payment of the incumbrance.

4. MORTGAGES, § 227*—*when mortgagor released by assumption of debt by grantee.* A mortgagor who has conveyed to a grantee under an arrangement that the grantee assume the payment of the incumbrance will not be released from liability on the mortgage note unless the mortgagee consents to accept such mortgagor as surety and look solely to the grantee for payment of the incumbrance.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916. Rehearing denied February 14, 1916.

OTIS H. WALDO, for plaintiff in error.

WILLIAM G. WISE, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice McSurely delivered the opinion of the court.

By confession judgment for $547.80 on a promissory note was entered against defendant, who subsequently moved that it be vacated, which motion was denied. By affidavits filed in support of the motion, defendant showed that the note signed by him was secured by a deed of trust conveying real estate; that afterwards the defendant sold the real estate to George Wenzelis and wife subject to the mortgage indebtedness, which the grantee assumed and agreed to pay as part of the consideration; that subsequently, the note falling due, an agreement was made between the holder and Wenzelis for an extension of the time of payment of the note, which agreement was without the knowledge and consent of the defendant.

Defendant says that because of these facts the grantee, Wenzelis, became the principal debtor, and the defendant, the mortgagor, became the surety; that the agreement to extend the time of payment operated to release the defendant from the debt. This is not the law. Where a grantee under a deed assumes the debt of the mortgagor, the relation of principal and surety, if there is such a relation, only applies as between themselves. As to the mortgagee, the grantee becomes an additional promisor only. In *Scholten v. Barber*, 217 Ill. 148, 150, the rule is stated thus:

"In this State the rule is, that as between the mortgagor and his grantee who assumes the payment of the encumbrance, the grantee becomes principal debtor and the mortgagor becomes his surety. But the mortgagee is in nowise affected by the agreement to which he is not a party. He may disregard it and bring his action against the original debtor only, or he may accept the promise made for his benefit, and, treating it as an additional remedy, bring his action against the grantee. If the agreement is accepted by the mortgagee, each party to it is an original promisor for the payment of the encumbrance, but the contract rights

of the mortgagee cannot be changed by any arrangement between the mortgagor and his grantee unless the mortgagee agrees to such change.''

In *Elwell v. Hicks,* 180 Ill. App. 554, an extended opinion by Mr. Justice Brown, many cases are considered, with comments, and the court concludes that the original mortgagor will not be released unless it should appear that the mortgagee has consented to accept him as surety merely, and agreed to look solely to the grantee. There is no evidence whatever in the record before us as to such an intention on the part of the holder of the note.

The judgment is right and is affirmed.

*Affirmed.*