## Jennie N. Morganroth, Appellant, v. Abe Pink, Appellee.

## Gen. No. 25,007.

1. MORTGAGES, § 223*—*what is relation of parties upon conveyance of property and assumption of mortgage debt by grantee.* As between a mortgagor and the grantee of mortgaged property who assumes the mortgage debt, the grantee becomes the principal debtor and the grantor the surety for the payment of the debt; as between the grantee and the mortgagor, the property becomes the primary fund, while the mortgagee may hold both as principal debtors unless the mortgagee has consented to accept the grantee as sole, principal debtor.

2. MORTGAGES, § 226*—*when agreement of holder of note and mortgage to look for payment solely to subsequent grantee of premises not implied.* An agreement on the part of the legal holder of a note and mortgage to look solely for payment to a subsequent grantee of the mortgaged premises assuming the mortgage debt, cannot be raised by implication of law from the fact that the holder extended the time of payment without notice to or consent of the maker.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded with directions. Opinion filed December 8, 1919.

RUDOLPH D. HUSZAGH, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

A judgment was confessed on a note with *cognovit* in the usual form made by defendant to his own order for $9,000 with interest at 5 per cent, payable November 14, 1914. This note he indorsed and delivered to plaintiff, to secure which he executed and delivered a trust deed conveying certain real estate in Chicago, which he subsequently sold for $21,500, the deed of conveyance being made subject to the trust deed, which the grantee assumed and agreed to pay.

One Rosa Emmo obtained title by mesne conveyance and a like reservation of assumption of the trust deed incumbrance was made in the deed to her. About the time when the note matured, appellant agreed with Rosa Emmo to extend the time of payment of the note 5 years with interest at 6 per cent per annum. Of this extension of the time of payment defendant, the maker of the note, had no knowledge. On motion of defendant he was let in to plead, the execution of the judgment in the meantime being suspended. Defendant pleaded the general issue and three special pleas, which were afterwards supplemented by two additional special pleas. In these pleas the facts above recited were set out as a defense.

It was also averred in the pleas that at the time of the original maturity of the note the value of the property conveyed in the trust deed was greater than the amount at that time due on the note, but that at the time of the entering of the judgment the property had greatly deteriorated in value and was then worth less than the amount due upon the note. To these special pleas plaintiff interposed demurrers, which, being overruled and plaintiff electing to stand by her demurrers, defendant withdrew his plea of the general issue and the judgment of *nil capiat* from which this appeal is prosecuted followed.

Nowhere in the pleas of defendant is it averred or charged that plaintiff was a party to or cognizant of the mesne conveyances through which Rosa Emmo ultimately acquired title, nor that she had any knowledge of, or acquiesced in, the reservation in the covenants in the deeds in the respective conveyances, or either of them, that the grantees assumed or agreed to pay as part of the purchase money or otherwise the trust deed incumbrance securing the note in suit. On the contrary, it is urged by defendant that the act of extending the time of payment of the note without defendant's knowledge had the effect automatically of changing the relationship of the parties, so that the grantees under defendant became principal and primarily liable to pay the debt secured by the trust deed, and that the defendant, the maker of the note, became in force of these circumstances simply a surety and that by operation of law by reason of the conditions already enumerated became a discharged surety.

We think these contentions are fallacious under the law on this subject as it exists in this State.

The questions here involved we do not regard as open in this court. They have been settled by the decision of this court in *Seeman v. Mills,* 197 Ill. App. 589, and all the other questions, except that of the legal effect of extending the time of payment without the maker's consent, have been passed upon in *Elwell v. Hicks,* 180 Ill. App. 554; *Fish v. Glover,* 154 Ill. 86; *Webster v. Fleming,* 178 Ill. 146; and *Scholten v. Barber,* 217 Ill. 148. These cases, we hold, are decisive of the rights of the parties to this appeal.

As between a mortgagor and the grantee of mortgaged property who assumes a mortgage debt, the grantee becomes the principal debtor and the grantor the surety for the payment of the debt. The analogy extends no further. As between the grantee and the mortgagor the property becomes the primary fund while the mortgagee may hold both as principal debtors unless the mortgagee has consented to accept

the grantee of the maker of the note and trust deed as sole principal debtor, and in *Webster v. Fleming, supra,* it was held that:

"The mortgagor and the grantee from the mortgagor, who assumes the payment of the incumbrance upon the property, are both liable as principal debtors to the mortgagee, unless the latter has released the mortgagor from his liability, and has agreed to look solely to the purchaser from him for payment of the mortgage debt."

In *Scholten v. Barber, supra,* the same question here present was decided, the court saying:

"In this State the rule is, that as between the mortgagor and his grantee who assumes the payment of the incumbrance, the grantee becomes principal debtor and the mortgagor becomes his surety. But the mortgagee is in no wise affected by the agreement to which he is not a party. He may disregard it and bring his action against the original debtor only, or he may accept the promise made for his benefit, and, treating it as an additional remedy, bring his action against the grantee. If the agreement is accepted by the mortgagee, each party to it is an original promisor for the payment of the incumbrance, but the contract rights of the mortgagee cannot be changed by any arrangement between the mortgagor and his grantee unless the mortgagee agrees to such change."

The Supreme Court in these cases, when it refers to an agreement by the mortgagee, means an agreement in fact, not one resting in any presumption of law, because there is no such presumption. Furthermore, such holding does no violence to vested rights. The maker of the note and trust deed could at any time by payment have discharged his liability and become subrogated to the rights of all the grantees under him who had assumed the payment of the indebtedness in the conveyances received by them respectively. In the instant case defendant could have paid the note before the property had depreciated in value if he had seen fit so to do.

Again, as the court said in *Fish v. Glover, supra,* so we say: "It would be a singular doctrine, if the contract rights of the mortgagee could be changed by any arrangement between the mortgagor and his grantee, to which the mortgagee was not a party."

In *Seeman v. Mills, supra,* after the note in controversy secured by a real estate mortgage fell due, an agreement was made between the holder and a subsequent purchaser for an extension of the time of payment without the knowledge or consent of the maker of the note, and this court said:

"Defendant says that because of these facts the grantee * * * became the principal debtor, and the defendant, the mortgagor, became the surety; that the agreement to extend the time of payment operated to release the defendant from the debt. This is not the law. Where a grantee under a deed assumes the debt of the mortgagor, the relation of principal and surety, if there is such a relation, only applies as between themselves. As to the mortgagee, the grantee becomes an additional promisor only."

In other words, the maker of the note and mortgage is primarily liable to the legal holder within the statute of limitations until the note has been paid either by himself or some one for him, unless there is an agreement between such maker and the mortgagee to look solely to such subsequent grantee for payment. Such agreement is not one raised by implication of law from the fact of the extension of payment without notice to or the consent of such maker.

From what we have said it follows that the court erred in not sustaining plaintiff's demurrers to defendant's five special pleas, and for that error the judgment of the Superior Court is reversed and the cause is remanded to that court with directions to sustain the demurrers to said five pleas.

*Reversed and remanded with directions.*