Agnes L. Agnell et al., Appellees, v. Illinois Bell Telephone Company, Appellant.

Gen. No. 45,786.

Opinion filed December 9, 1952. Released for publication December 23, 1952.

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, for appellant; KENNETH F. BURGESS, PAUL J. FURLONG, and JOHN R. TAYLOR, all of Chicago, of counsel.

EDWIN R. HACKETT, and VINCENT H. O'CONNOR, both of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In this case 195 employees of defendant company recovered judgments for holiday pay under the provisions of a collective bargaining agreement. This case was before us on a prior appeal from a summary judgment under Section 57 of the Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 181; Jones Ill. Stats. Ann.

104.057]. We reversed the judgment and remanded the cause for trial, 342 Ill. App. 516.

Involved here is the question of holiday pay pursuant to an agreement entered into between the parties July 1, 1944. The first paragraph of the "Holidays" clause in that agreement provides as follows:

"An employee excused from work on a holiday occurring within his regular assigned work schedule will be paid for the time excused."

The "Absence with Pay" provision provides as follows:

"(f) Payment for a holiday occurring in the span of an absence will be paid for on the same basis as the absence. In case of first seven days' absence on account of sickness, the holiday will be paid for if the scheduled day before or after the holiday is worked or paid for."

Some few days prior to Thanksgiving Day, November 22, 1945, a notice was given excusing employees from work on the holiday. All plaintiffs in question were absent from work and not entitled to any pay for the day preceding Thanksgiving Day. It is defendant's contention that the two clauses quoted must be construed together; that the span of an absence is the space of time between the day absence from work commences (which in this instance would have been the day preceding the holiday) and the day an employee returns to his work, and since plaintiffs were not paid for their absence the day preceding the holiday, they were not entitled to pay for the holiday.

The question presented on the first appeal was whether the contract on its face, without the benefit of extrinsic evidence, supported defendant's interpretation. We stated in our opinion that the "Holidays" provision, *standing alone,* would support plaintiffs' position that all holidays occurring in a regular as-

signed work schedule would be paid for; that the "Absence with Pay" provision appeared to us to be intended to cover the question of undue absenteeism and its purpose *rather* to provide a basis upon which payment would be made for holidays occurring within those absences covered by that provision. It was our conclusion that the summary judgment for defendant was erroneous, but we explicitly stated in the last paragraph of our opinion that this was based on construction of the contract *without reference to any extrinsic evidence.* We could not categorically find that the trial court should receive extrinsic evidence upon the trial of the case on its merits, because until such extrinsic evidence was offered there was no warrant for passing upon it.

It is now plaintiffs' contention that in our previous decision we conclusively held for their interpretation; therefore, no extrinsic evidence was admissible on the trial of the case. We did not so consider it then and do not now. We held against defendant's contention that its interpretation was the only one which could be derived from the contract. But we did not find that plaintiffs' interpretation was the only one which could be so derived. It appeared to us that an interpretation contrary to that contended for by defendant could reasonably be derived from the face of the agreement, but we could not make a final finding against defendant which would bind it on a trial on the merits and preclude it from presenting extrinsic evidence. There would have been no purpose to the statement in the last paragraph of our opinion, had we intended that decision to be final.

██ Plaintiffs contend that regardless of what we may have said in our former opinion, what we there found was "the law in this case," and binding on the trial court. *Morganroth v. Pink,* 227 Ill. App. 244 (1922), is relied on by plaintiffs as establishing this

point. An examination of that case reveals that the first appeal, 216 Ill. App. 158, was from an order overruling a demurrer to a plea which set forth a defense to an action against the maker of a note. The note was secured by a mortgage trust deed conveying real estate owned by defendant. Subsequently, defendant sold the real estate, and the grantee agreed to pay the indebtedness. Thereafter, the holder of the note, plaintiff in the case, agreed with the grantee to extend the time of payment five years. This was done without the knowledge of defendant. Previous cases had established that as a rule of law, the grantee became primarily liable for the indebtedness, and grantor, maker of the note, a surety. One of the incidents of suretyship requires that the obligation of the principal be maintained intact, and hence it was argued in *Morganroth v. Pink* that extension of the time of payment released the surety. However, the court held that while this rule was applicable as between grantor and grantee, it did not apply to the holder of the note. He was not a party to the contract between grantor and grantee, and the grantor, maker of the note, was not released because of the extension of time granted by the holder to the grantee or new owner. This was an old question of law which had much troubled courts of that day, and it is obvious that the Appellate Court concluded that its decision on that point, being purely legal, was final.

The question which we decided on the first appeal is not the kind presented by *Morganroth v. Pink, supra.* Analogous to this case is *Knowles Foundry & Machine Co. v. National Plate Glass Co.,* 301 Ill. App. 128. On the first appeal, 274 Ill. App. 570, construction of a contract on the face of the pleadings was presented to the court. The court reversed the judgment of the trial court and remanded the cause for trial. On the trial, evidence was admitted of extrinsic circum-

stances. On the second appeal the court stated that its ruling on the first appeal was based upon the pleadings, and that all that had been determined was the applicability of the law to the facts as disclosed by the pleadings; that new and additional facts having been developed, its former decision was not controlling. There is no distinction between that case and the one now before us. Our decision, as in *Knowles Foundry & Machine Co. v. National Plate Glass Co., supra,* was based upon an interpretation drawn solely from the face of the contract, unaided by evidence of extrinsic circumstances. To the same purpose is the language of the Supreme Court in *Cummings Landau Laundry Machinery Co. v. Koplin,* 386 Ill. 368.

■ The court should have received evidence of the circumstances under which the contract was made, what was said and done, the differences that were to be settled, the previous practices of the parties, and other facts which would throw light on the meaning of the clauses in dispute. Defendant offered evidence to show its previous action with respect to payment for holidays and with respect to holidays occurring while employees were absent; evidence of discussions between the union and defendant at the time the provisions of the contract were drafted; and evidence of the understanding of the contracting parties. It offered to prove, by testimony of union representatives who negotiated the contract on behalf of plaintiff as well as by its own representatives, that its understanding of the contract was correct. It also offered to prove that after making the contract, both parties acted upon defendant's construction, and that in the negotiation for a contract in 1948, representatives of both parties interpreted the contract in question in accordance with defendant's contentions. Such evidence should have been admitted.

■■ We will not undertake to pass upon the materiality of particular items of oral or documentary

508

evidence other than to say that in a case tried by a court it would expedite justice if the trial court were to admit evidence which might be doubtful and indicate for the record whatever doubt he had of its probative value. In this way, this court could on appeal dispose of a case without remanding. This has been the general practice in chancery both in federal and in state courts. There is no reason why it should not be followed in common-law proceedings where a case is tried by a court without a jury. The reviewing court in such a case will not reverse because of error in the admission of evidence, but will determine whether there is enough competent evidence to sustain the judgment. *Grand Pacific Hotel Co. v. Pinkerton*, 217 Ill. 61, 73; *Olds v. Adams Clark Bldg. Corp.*, 277 Ill. App. 157, 168; *Schroeder v. Harvey*, 75 Ill. 638; *Reinhardt v. Security Insurance Co. of New Haven*, 321 Ill. App. 324.

█ However, some of the items of evidence discussed in the briefs require our present consideration. Evidence was offered that the negotiations in 1948 for a new contract supported defendant's understanding with respect to the interpretation of the provisions in question. Plaintiffs argue that the representatives who negotiated the contract in 1948 were not the same as those who negotiated the 1944 contract. To this, defendant replied that while not precisely the same, they were substantially the same group. Such evidence should be admitted and its probative value qualified, as may later appear from the evidence to be proper.

█ Plaintiffs cite *Rouse v. Western Wheel Works*, 169 Ill. 536, as authority for the proposition that the court cannot, for the purpose of understanding the meaning and intent of a contract, take into consideration a previous contract. In that case the court explicitly held that the later contract was not ambiguous and that its meaning was expressed by its own terms. Plaintiffs also cite *Whiting Stoker Co. v. Chicago*

*Stoker Corp.*, 171 F. (2d) 248. There, all the court seems to have said was that the contract was not rendered ambiguous by the mere fact that the parties did not agree upon its proper construction. In the instant case, it seems to us the previous contract on the same subject matter is relevant.

██ As a defense to plaintiffs' claims defendant offered evidence that plaintiffs were on strike. The rights of the parties are determined by their contract. The contract applied to plaintiffs as long as they were employees of the company. Had their employment been discontinued as a result of the strike, then it appears to us that the provision of the contract with respect to payment for holidays would not apply. However, if that employment was not terminated, then denial of holiday pay would not be used as a disciplinary measure unless the contract so provided. *Liberty Plating Co.*, 9 L. A. R. 505 (1947). This evidence also should be admitted and its value determined when we have all the facts before us.

Judgments are reversed and the cause is remanded with directions to try the case in accordance with the views herein expressed.

*Judgments reversed and cause remanded with directions.*

ROBSON, P. J. and TUOHY, J., concur.