86:29 LRA 8

PETER FISH et al.

v.

HENRY T. GLOVER.

*Filed at Ottawa October 29, 1894.*

1. PRINCIPAL AND SURETY—*how far one assuming mortgage debt becomes a principal.* The conveyance of mortgaged property to one who assumes and agrees to pay the mortgage debt does not make the mortgagor a surety, as regards the mortgagee, in such sense that the latter's failure to foreclose the mortgage, or bring suit after notice under the statute, will release the mortgagor, unless the mortgagee has accepted the mortgagor as surety, only.

2. SAME—*statute requiring creditor to sue upon notice from surety does not apply.* Such a case is not within the statute (chap. 132, sec. 1,) providing that a surety shall be released if the creditor fails to collect from the principal upon notice, said statute being applicable only to contracts in writing binding the surety, and not to contracts of suretyship arising by implication.

3. APPEAL—*judgment presumed, on appeal, to be supported by evidence.* It will be presumed, on appeal, where a judgment entered in term time was not vacated, but allowed to stand as security, for the purpose of giving defendants an opportunity to prove any defense, that the judgment as originally entered was rendered upon proper and sufficient evidence.

*Fish* v. *Glover*, 51 Ill. App. 566, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This is a judgment by confession for $8578.00, entered on November 25, 1890, in open court, in favor of the appellee, Henry T. Glover, against the appellants, Peter Fish and James T. Young, upon a judgment note for $8000.00, dated Chicago, November 20, 1889, payable to the order of appellee in one year with interest at the rate of 8 per cent per annum, which note was secured by a trust deed of the same date, executed by said Fish and Young to Otis R. Glover, trustee, conveying certain premises in Streator, LaSalle County, being a coal mine and the surface real

estate around and adjoining the shaft, together with machinery and other appliances necessary to operate the mine. The trust deed was recorded on November 25, 1890. On December 13, 1890, the defendants below entered a motion to set aside and vacate the judgment, and for leave to file affidavits. On July 9, 1891, the court below overruled the motion, and ordered that defendants be allowed to plead within thirty days, and that the judgment stand as security. The general issue, and various special pleas were filed, but in March, 1892, it was stipulated that the special pleas should be withdrawn, and that any evidence, admissible under any plea properly pleaded, might be introduced under the general issue. In February, 1893, the trial came on before the court and a jury, and, after the conclusion of the evidence, the court instructed the jury to find for the plaintiff, and they so found the issues, to which the defendants duly excepted. Thereupon it was ordered by the court, that the previous order, directing the judgment to stand as and for security, should be vacated, and that the said judgment stand and remain in full force and effect. An appeal was taken to the Appellate Court, which has affirmed the judgment of the Circuit Court. The present appeal is prosecuted from such judgment of affirmance.

The evidence tends to show, that the note was given for borrowed money; that, about the time the trust deed was delivered, the defendants told the plaintiff, or his attorney, that it was their intention to convey the property to a coal company, which would assume the payment of the trust deed or mortgage; that no conveyance was made to the company, but on May 31, 1890, after the payment of the semi-annual interest due on the note, the property was conveyed to one Thompson; that Thompson, the grantee, covenanted and agreed, in the deed to him, "to pay off, discharge and satisfy a note or notes made by said Peter Fish and said James T. Young, amounting to or aggregating the principal sum of $8000.00, with

interest thereon at the rate of eight per cent per annum, as secured by a mortgage upon said property or a part thereof, to become due on or about November 20, 1890, all of which principal, interest and mortgage the grantee assumes and agrees to pay and discharge at the maturity thereof, and to save said grantors, and each of them, free from all liability thereon;" that about May 20, 1890, defendants notified the plaintiff of the sale to Thompson; that appellee made inquiry as to the responsibility of Fish and Young, and made the loan mainly upon their personal credit; that the attorney of appellee made demand upon Young for payment of the note about November 25, 1890, and was then told that "the property was in danger of being levied on for small liens of miners in Streator," and was requested to foreclose the mortgage, and informed that, if the mortgage was foreclosed, Young would buy in the property himself; that, on December 12, 1890, the defendants served upon the plaintiff and the trustee in the trust deed formal written notice of the sale of portions of the articles connected with the mine under executions, and of the removal of the articles so sold, and, in said notice, renewed their request for a foreclosure of the mortgage, and stated therein, that Thompson had assumed the payment of the mortgage indebtedness, and had, since the sale to him, sold the premises to one Sweet, who had agreed with Thompson to assume and discharge the amount of said indebtedness, and therein also notified plaintiff and said trustee, that, unless steps were taken in accordance with the notice, the defendants, as sureties for the payment of the mortgage indebtedness, would insist upon and claim the benefit of all legal rights to which they might be entitled by reason of the failure to comply with said notice and requests. Appellee took no steps to foreclose the trust deed, and the mining property was diminished in value by reason of the levies and removal of articles as above stated.

C. W. GREENFIELD, D. J. SCHUYLER, and F. W. YOUNG, for appellants :

As between themselves, the grantee of mortgaged property, who assumes the mortgage debt, becomes the principal debtor, and the grantor the surety for the payment of the debt. *Flagg* v. *Geltmacher*, 98 Ill. 293 ; *Dean* v. *Walker*, 107 id. 540 ; *Ellis* v. *Johnson*, 96 Ind. 281; *Comstock* v. *Drohan*, 71 Va. 395 ; *George* v. *Andrews*, 60 Md. 28.

When notice thereof is given to the mortgagee by the mortgagor, the mortgagee is bound by the relation. Jones on Mortgages, sec. 1226; *Colgrove* v. *Tallman*, 67 N. Y. 96 ; *Remsen* v. *Bukman*, 25 id. 555.

Moreover, the mortgaged property becomes the primary fund for the payment of the debt. *Comstock* v. *Drohan*, 71 Va. 912 ; Jones on Mortgages, secs. 740, 741; *Lilly* v. *Palmer*, 51 Ill. 332 ; *Drury* v. *Holden*, 121 id. 130.

The mortgagor is only secondarily liable. *Tripp* v. *Vincent*, 3 Barb. Ch. 615.

A release of the grantor or original debtor by the mortgagee does not discharge or affect the liability of such grantee. *Ellis* v. *Johnson*, 96 Ind. 381; *Tripp* v. *Vincent*, 3 Barb. Ch. 615.

Appellee having notice of the intention of appellants to convey the property to one who would assume the payment of the mortgage, at the time the loan was made, was bound by the relation of suretyship. *Payne* v. *Webster*, 19 Ill. 104; Brandt on Suretyship, sec. 29 ; *Flynn* v. *Mudd*, 27 Ill. 323 ; *Kennedy* v. *Evans*, 31 id. 258 ; *Trustee* v. *Southard*, 31 Ill. App. 359 ; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Kelley* v. *Gillespie*, 12 Iowa, 55.

The right of the surety to a discharge does not depend on contract with the creditor. *Pooley* v. *Harradine*, 7 E. & B. 421.

A grantee assuming a mortgage debt, and agreeing to pay the same, is personally liable, and a personal action may be brought. *Rapp* v. *Stoner*, 104 Ill. 618 ; *Dean* v. *Walker*, 107 id. 540.

GURLEY & WOOD, for appellee:

A mortgage is but an incident of the debt. The debt is the principal thing. *Ryan* v. *Dunlap*, 17 Ill. 40; *Lucas* v. *Harris*, 20 id. 165; *Vansant* v. *Allmon*, 23 id. 30; *Vogle* v. *Ripper*, 34 id. 100; *Wayman* v. *Cochrane*, 35 id. 152; *Delano* v. *Bennett*, 90 id. 533; *Dayton* v. *Dayton*, 7 Ill. App. 136; *Shifferstein* v. *Allison*, 24 id. 294.

The lien, as between the parties, can be destroyed only by payment or discharge of the debt or by a release of the mortgage. *Flower* v. *Elwood*, 66 Ill. 438.

The creditor may pay the debt and be subrogated. *James* v. *Day*, 37 Iowa, 164; *Marsh* v. *Pike*, 1 Sandf. Ch. 210; Brandt on Suretyship, sec. 37, and cases cited; *Taylor* v. *Beck*, 13 Ill. 376.

The mortgagee's rights remain unchanged by the transfer of the property mortgaged. Jones on Mortgages, secs. 741, 742; *Shepherd* v. *May*, 115 U. S. 505; *James* v. *Day*, 37 Iowa, 164, and cases cited; *Marsh* v. *Pike*, 1 Sandf. Ch. 210.

If both makers of a note sign expressly as principals, one may not show suretyship. Brandt on Suretyship, sec. 29, *et seq.*, and cases cited.

The holder of the note may consider both mortgagor and his grantee principals. Jones on Mortgages, sec. 741; *Corbett* v. *Waterman*, 11 Iowa, 87; *Waters* v. *Hubbard*, 44 Conn. 340; *Shepherd* v. *May*, 115 U. S. 505.

Marshaling of assets does not apply as between debtor and creditor. *Rogers* v. *Myers*, 68 Ill. 92; *Plain* v. *Roth*, 107 id. 588; *Boone* v. *Clark*, 129 id. 466; *Miller* v. *Cook*, 135 id. 190.

A creditor, mortgagee, may collect his money in any way most to his interest. *Hawhe* v. *Snydaker*, 86 Ill. 197.

MAGRUDER, J.: The position of the appellants in this case is, that, when the mortgagors and makers of the note secured by the mortgage, namely, Fish and Young, appellants herein, conveyed the mortgaged property to Thompson, and the latter, in the deed made to him, as-

sumed the mortgage debt and agreed to pay it, the appellants were no longer principal debtors to appellee, but were mere sureties; and that, by the failure and refusal of appellee to foreclose the mortgage when the property was sufficient in value to pay the debt, and to bring any suit in accordance with the notice served upon him, the appellants were released and discharged from their obligation to pay the indebtedness.

It has been held, that, as between the mortgagor and the grantee of the mortgaged property who assumes the mortgage debt, the latter becomes the principal debtor, and the former the surety for the payment of the debt. (*Flagg* v. *Geltmacher*, 98 Ill. 293; *Dean* v. *Walker*, 107 id. 540; *Ellis* v. *Johnson*, 96 Ind. 377; *George* v. *Andrews*, 60 Md. 26). But this is only true as between the grantee of the mortgagor assuming the mortgage debt, and the mortgagor himself. As between them, the mortgaged property becomes the primary fund. But the mortgagee may treat both as principal debtors, and may have a personal decree against both, unless he has consented to accept such grantee of the mortgagor as the principal debtor and to hold the mortgagor as surety merely. The mortgagee, in the absence of such assent, is not bound by the relation of suretyship existing between the mortgagor and the grantee who assumes the payment of the mortgage; the rights of the mortgagee remain unchanged, and his relation to the mortgagor is not affected, so that, as against him, the mortgagor is in no position to assert and take advantage of the rights of a surety. The doctrine is stated by Mr. Jones in his work on Mortgages (at sec. 741) in the following words: "The mere assignment by the mortgagor of his interest in the mortgaged premises to a third person who agrees to pay off the mortgage, does not release the mortgagor. There is no novation unless there be something to show that the mortgagee has released the mortgagor, and has agreed to look solely to the purchaser for payment of the mortgage debt.

There must be a substitution of a new obligation for the old one, and the new obligation must be a valid one." (*Shepherd* v. *May*, 115 U. S. 505 ; *Hayward* v. *Burke*, 151 Ill. 121; *Corbett* v. *Waterman*, 11 Iowa, 86 ; *James* v. *Day*, 37 id. 164; *Massie* v. *Mann*, 17 id. 132 ; *Thompson* v. *Bertram*, 14 id. 476 ; *Waters* v. *Hubbard*, 44 Conn. 340 ; *Marsh* v. *Pike*, 1 Sandf. Ch. 210). The mortgagee is entitled to the obligation of the purchaser, but it is treated as a collateral obligation. It would be a singular doctrine, if the contract rights of the mortgagee could be changed by any arrangement between the mortgagor and his grantee, to which the mortgagee was not a party. (Jones on Mort. sec. 742 a).

There is nothing in the evidence produced by appelants tending in any way to show, that appellee assented to any arrangement by which Thompson was to be regarded as the principal debtor, and Fish and Young were to be treated as mere sureties. A mortgage is but an incident to the debt, the payment of which it is given to secure ; the debt is the principal thing. (*Lucas* v. *Harris*, 20 Ill. 166 ; *Wayman* v. *Cochrane*, 35 id. 152). The lien of the debt secured by a mortgage attaches to the mortgaged property, and the lien can, as between the parties, only be destroyed by the payment or discharge of the debt, or by a release of the mortgage. (*Flower* v. *Elwood*, 66 Ill. 438). The fact, that the creditor has security by mortgage, does not prevent him from obtaining a judgment on the note, and subjecting other property of his debtor to its payment. (*Karnes* v. *Lloyd*, 52 Ill. 113 ; *Vansant* v. *Allmon*, 23 id. 26). The mortgagee may proceed personally against the debtor on the note and subject his general property to the judgment, or he may bring ejectment on condition broken, or file a bill in chancery for a foreclosure. These remedies are concurrent or successive, as may be deemed proper. (*Carroll* v. *Ballance*, 26 Ill. 9 ; *Vansant* v. *Allmon, supra*).

If appellants had desired to foreclose the mortgage against their grantee, Thompson, or his grantee, Sweet, they should, as sureties of the grantee, have paid the debt to appellee, as holder of the note and mortgage, and then they would have been subrogated to appellee's rights in the security. It is upon the payment of the debt by the surety, that he becomes entitled to be subrogated to the rights of the creditor. When a surety pays off the debt, equity transfers to him all the securities held by the creditor, but the creditor cannot be deprived of his security until the debt, for which it is pledged, is extinguished. (*James* v. *Day, supra*). The surety can pay the debt the moment it becomes due, which is doing no more than he agreed to do, and immediately resort to the principal for reimbursement. (*Taylor* v. *Beck*, 13 Ill. 376). It has been held, that, where the owner of land sells it subject to mortgage executed by himself, the land in equity becomes the primary fund for the payment of the debt, and the vendor occupies the position of surety, and, upon payment of the mortgage debt, is entitled to be subrogated to the rights of the creditor the same as any other surety. (Brandt on Suretyship and Guaranty, sec. 37; *Marsh* v. *Pike, supra; Eddy* v. *Traver*, 6 Paige Ch. 521; *Kane* v. *State*, 78 Ind. 103 ; *Ayers* v. *Dixon*, 78 N. Y. 318).

When appellants signed the note and mortgage, the relation of principal debtor and creditor was thereby created between them and appellee. That relation could only have been changed by a valid agreement, subsequently entered into between them, founded upon a valuable consideration. The evidence introduced showed no such agreement, and was therefore properly excluded.

We do not think, that the statute relied upon by counsel for appellants, and under which they claim to have served their notice, has any application to a case like the present. That Statute provides : "That when any person bound as surety for another for the payment of money, or the performance of any other contract in writing, apprehends

that his principal is likely to become insolvent or to remove from the State without discharging the contract, if a right of action has accrued on the contract he may, by writing, require the creditor forthwith to sue upon the same, and unless such creditor shall, within a reasonable time, and with due diligence, commence suit thereon, and prosecute the same to final judgment and execution, the surety shall be discharged; but no such discharge shall in any case affect the rights of the creditor against the principal debtor." (Rev. Stat. chap. 132, sec. 1.) This section refers to contracts in writing binding sureties, and not to contracts of suretyship arising by implication. There was no contract in writing, making appellants sureties, to which appellee was a party. Appellants alone signed the note secured by the mortgage. That note was not signed by Thompson, and, although Thompson was personally liable to appellee in an action at law for the debt which he agreed to pay by the terms of the deed executed to him, (*Dean* v. *Walker, supra*), yet appellants, as mortgagors, and their grantee, were both liable to the holder of the note and mortgage as principals. (Jones on Mort. sec. 741; *Taylor* v. *Beck, supra; Waters* v. *Hubbard, supra; Corbett* v. *Waterman, supra*). The word, "other," in the expression, "any other contract in writing," clearly implies, that the previous obligation, by which any person was bound as surety for the payment of money, was intended to be an obligation in writing.

It is said, that the bill of exceptions does not show the introduction of the note in evidence. A certified copy of the note is therein shown to have been introduced in evidence by consent, and testimony in relation to its contents was admitted without objection by appellants. The original had been withdrawn by leave when the judgment was entered, and a certified copy had been left in its place. In a proceeding such as this, where the judgment, which was entered in term time, was not vacated, but

allowed to stand as security for the purpose of giving the defendants an opportunity to prove a defense if they had any, it will be presumed, in the absence of any proof showing to the contrary, that the judgment, as originally entered, was rendered upon proper and sufficient evidence. There was no claim that the note was not a just debt, if the circumstances hereinbefore set forth should not constitute a valid defense.

We cannot see, that the judgment was entered for too large an amount. The warrant of attorney, accompanying the note, authorized a confession of judgment for a fee of $500.00, in addition to the principal and interest due upon the note. But the amount of the fee included in the note was only $250.00. No objection was made in the court below to the allowance of this sum.

The judgment of the Appellate Court, and the order and judgment of the Circuit Court are affirmed.

*Judgment affirmed.*