# Clara S. Blood, Exr., to use of Brown Oil Co., Appellant, *v.* Crew Levick Company.

*Deed—Mortgage—Covenant—Vendor and vendee.*

A deed was made " under and subject to the lien " of a mortgage. The deed further provided as follows : " It is hereby agreed between the parties to this instrument that the said party of the second part accepts the title to the foregoing and described pieces and parcels of land and oil rights, subject to the payment of the mortgage herein mentioned; but does not assume the payment of the various outstanding notes given for the debts secured by said mortgages." *Held,* that an action could be brought in the name of the covenantee to the use of the party entitled to receive the money.

Argued May 7, 1895.   Appeal, No. 276, Jan T., 1895, by plaintiff, from order of C. P. Warren Co., Dec. T., 1894, No. 41, discharging a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Reversed.

Rule for judgment for want of a sufficient affidavit of defense.   Before NOYES, P. J.

The facts appear in Blood v. Crew Levick Co., ante, p. 339

*Error assigned* was order discharging rule for judgment.

*Samuel T. Neill, R. & H. E. Brown* with him, for appellant.

*Theodore F. Jenkins, Allen & Sons* with him, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, October 7, 1895.

This is an action brought upon the express covenant in the deed conveying the freehold properties sold by A. R. Blood to the defendant. In so far as it is for the use of the holder of either of the mortgages enumerated in said deed it is properly brought, and the use plaintiff is entitled to recover so far as this record enables us to judge. We have no doubt that the defendant's express covenant to pay, the effect of which was considered in an action between these parties in which an opinion has just been filed, ante, p. 333, may be enforced by action resting thereon brought in the name of the covenantee for the use of the holder of any one of the said mortgages. Without repeating what was said in the opinion referred to, we are satisfied that the court took too narrow a view of the effect of the covenant in the deed for the freehold properties.

The judgment is therefore reversed and the record remitted, so that judgment may be entered in favor of the use plaintiff for the amount due to it upon the mortgage held by it, unless other legal or equitable cause be shown to the court why such judgment should not be entered.