## Fisler, Appellant, *v.* Reach.

*Mortgage—Conveyance under and subject to mortgage—Right of action for deficiency—Warrant of attorney.*

Where a mortgagor conveys mortgaged premises "under and subject to" payment of the mortgage debt, and thereafter judgment is obtained on the mortgage, and the land is sold for a sum insufficient to pay the mortgage debt, and an action is then brought in the name of the mortgagor to the use of the mortgagee to recover the deficiency from the grantee, and it appears that after the action was brought the mortgagor parted with whatever interest he had in the action, the action cannot be continued by the mortgagee, although papers and affidavits in the case showed that it was brought with the knowledge and consent of the mortgagor. In such a case the papers and affidavits cannot be considered as equivalent to a warrant of attorney, and as the legal plaintiff is not in a position to give such a warrant, the court will order the proceedings to be stayed on a rule to file a warrant of attorney.

*Warrant of attorney—Action—Act of April* 14, 1834, *P. L.* 354.

The requirement of the Act of April 14, 1834, P. L. 354, that every attorney if called on to do so shall " file his warrant of attorney in the office of the prothonotary, or clerk of the court in which such action shall be dependent," is not met by proof that the action was originally brought with the consent of the plaintiff. The act requires a specific form of proof to be filed in order that the right may be clearly and indisputably shown, and this requirement cannot be dispensed with.

Argued Jan. 16, 1902. Appeal, No. 160, Jan. T., 1901, by plaintiffs, from order of C. P. No. 1, Phila. Co., Sept. T., 1900, No. 1131, making absolute a rule to strike off warrant of attorney, and to stay proceedings in case of Jacob G. Fisler to use of Mary S. Leech and David C. Leech, Surviving Trustees under will of William. F. Leech, v. A. J. Reach and Benjamin F. Shibe. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule to strike off warrant of attorney.

From the record it appeared that on April 1, 1890, Jacob G. Fisler, with S. N. Brognard and George E. Cummings, executed to Mary S. Leech, Henry S. Leech, and David C. Leech, trustees under the will of William F. Leech, deceased, their joint bond for $50,000 conditioned for the payment of $25,000 at the expiration of three years from the date thereof, and the said Jacob G. Fisler executed and delivered to the said trustees his mortgage for securing payment of the said $25,000 upon certain premises situated in Plymouth township, county of Montgomery, state of Pennsylvania.

On May 1, 1891, Jacob G. Fisler conveyed the premises to A. J. Reach and Benjamin F. Shibe, the defendants, in consideration of the sum of $10,000, " under and subject to " the payment of the mortgage debt.    Subsequently default was made in payment of the interest, and upon foreclosure, the land was sold by the sheriff for a sum insufficient to pay the mortgage debt.    The present .action was brought in the name of Fisler to use of Leech et al. against Reach and Shibe.   After the action was instituted, the defendants obtained a rule on plaintiff's counsel to file his warrant of attorney.    Instead of doing so he filed a number of affidavits and letters showing that the suit was originally brought with plaintiff's consent, but that upon being applied to for the warrant of attorney, plaintiff declined to give it because he had parted with his interest.    The defendant then obtained a rule to strike off the papers and affidavits alleged to constitute a warrant of attorney, proceedings to stay in the meanwhile.    The court made this rule absolute.

*Error assigned* was the order of the court.

*John Hampton Barnes*, with him *Henry Freedley*, for appellant.—The plaintiff in this case is a mere legal plaintiff without any interest in the event of the suit beyond having his own liability to the use plaintiffs extinguished by enforcing the liability of the defendants, assumed by them in purchasing the property covered by the lien of the mortgage.   It is contended that the use plaintiffs in this case have the right to use the name of the legal plaintiff without his consent under the decisions in respect to the liability of a purchaser of property from the mortgagor

subject to the lien of such mortgage : Blood to use v. Crew-Levick Co., 177 Pa. 606 ; Old Colony Trust Co. v. Allentown, etc., Rapid Transit Co., 192 Pa. 596.

If the authorization of Fisler was necessary to enable the use plaintiffs to use his name as legal plaintiff, then, it is submitted, the papers filed did sufficiently authorize the present counsel : Meyer v. Littell, 2 Pa. 177.

*John G. Johnson*, with him *Frank P. Prichard*, for appellee. –Under the act it is very clear, first, that the use of the words " under and subject to the payment of " do not make a grantee personally liable ; and, second, that any personal liability created by other words used in the grant does not enure to any other person than the person with whom the agreement is made.

The documents filed were not a sufficient warrant of attorney : Act of April 14, 1834, P. L. 354; People v. Wood, 71 N. Y. 371; Com. v. Peterson, 1 Clark, 482; Swartz's App., 119 Pa. 208.

OPINION BY MR. JUSTICE FELL, March 10, 1902 :

Fisler mortgaged a tract of land to Leech, the appellant, and afterwards conveyed the land to Reach, the appellee, " under and subject to " the payment of the mortgage debt. Judgment was obtained on the mortgage, and the land was sold by the sheriff for a sum insufficient to pay the mortgage debt. This action was brought in the name of Fisler to the use of Leech to recover the deficiency from the grantee, Reach. It was brought with the knowledge and consent of Fisler, who afterwards parted with whatever interest he had in the action. The plaintiff's attorney was ruled to file a warrant of attorney, but was unable to obtain one as Fisler had sold his interest. He filed letters and affidavits which showed that he had been authorized by Fisler to bring the action. The court held that the papers filed were insufficient and ordered a stay of proceedings. The questions raised by the appeal are : first, whether the use plaintiff could use the name of the legal plaintiff without his consent; second, if a warrant of attorney from the legal plaintiff were necessary to a continuance of the action, were the papers filed sufficient to constitute such a warrant?

The action was to enforce a contract between the legal plain-

tiff and his grantee, alleged to arise from a conveyance of land under and subject to the payment of a mortgage given by the former. The contract, if any, was in relief of the grantor, because of his obligation as mortgagor, and it enured to the benefit of no other person. He was the party with whom it was made, and he alone could maintain an action on it. The Act of June 12, 1878, P. L. 205, provides that the grantee of real estate subject to a ground rent, mortgage, or other incumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other incumbrance, unless by agreement in writing he shall have expressly assumed a personal liability therefor ; that the words " under and subject to the payment of such ground rent, mortgage, or other incumbrance " shall not alone be construed to make such grantee liable ; and that the right to enforce such a liability shall not enure to any one other than the person with whom such an agreement was made. That an action may be maintained by a mortgagee in his own right is in direct contradiction of the act. It is equally clear that he has no right to sue in the name of the grantor without his consent. In Blood to use v. Crew-Levick Co., 177 Pa. 606, and Old Colony Trust Co. v. Allentown, etc., Rapid Transit Co., 192 Pa. 596, the actions were prosecuted in the name of the legal plaintiffs, and no question of the authority to do so was raised, and in both there was an express agreement in addition to the " under and subject to " clause in the deed.

The letters and affidavits filed do not constitute a sufficient warrant of attorney. They show only that the action was commenced with the consent of the legal plaintiff, and that when called on to give a warrant of attorney he was unable to do so for the reason that he had assigned his claim to another, who alone had the right to continue the action. The Act of April 14, 1834, P. L. 354, requires every attorney, if called on to do so, to " file his warrant of attorney in the office of the prothonotary or clerk of the court in which such action shall be depending." This statutory requirement is not met by proof that the action was originally brought with the consent of the plaintiff. The act requires a specific form of proof to be filed in order that the right may be clearly and indisputably shown, and this requirement cannot be dispensed with.

The judgment is affirmed.