# Commonwealth, Appellant, v. DuPont Land Company.

Taxation—Corporate debts—Assessment and collection of tax— Acts of June 30, 1885, P. L. 193, Sec. 4; June 1, 1889, P. L. 420, Proviso 2, Sec. 2; June 8, 1891, P. L. 229.

1. The tax which a corporation is required to assess and collect by the Acts of June 30, 1885, P. L. 193, Section 4; June 1, 1889, P. L. 420, Proviso 2, Section 2, and June 8, 1891, P. L. 229, is that which is due on certificates or evidences of indebtedness which the corporation has itself created and issued.

2. A covenant in a deed conveying real estate to a corporation whereby the corporation agreed to pay a mortgage indebtedness, does not make the mortgages an indebtedness of the corporation within the contemplation of the Act of June 30, 1885, P. L. 193.

Argued May 22, 1916. Appeal, No. 5, May Term, 1916, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1913, No. 94, for defendant on appeal from the settlement of a tax by the Auditor General and the State Treasurer, in case of Commonwealth of Pennsylvania v. Dupont Land Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from tax settlement.

KUNKEL, P. J., filed the following opinion:

The Commonwealth has settled this account against the defendant company for the loans tax for the year

1911.   The case has been submitted to us for trial without a jury pursuant to the Act of April 22, 1874, P. L. 109.   We find the facts to be as set forth in the defendant's requests for findings of fact filed herewith.   Briefly stated they are as follows:

### FACTS.

The defendant is a corporation of this State, incorporated for the purpose of owning, holding and operating real estate.   Its entire issue of capital stock, excepting qualifying shares of officers and directors is owned and held by one Frank McCann, who conveyed to the defendant company certain several pieces of real estate, which were covered by separate mortgages given by Mr. McCann with accompanying bonds.   In the deeds of conveyance it was stipulated that the defendant company "assumes and agrees to pay" the principal and interest of the mortgage indebtedness.   No certificates or evidences of indebtedness were issued to the mortgagees nor any contract made with them for the payment of the mortgages or the interest thereon.   As far as known the mortgagees were ignorant of the conveyance of the properties to the defendant company, at least until the year 1911, when the interest on the mortgages for that year was paid to them by the defendant, but the State tax was not deducted therefrom.   The mortgages having been reported in the defendant's report of loans to the accounting department of the Commonwealth, a settlement was made against it on October 25, 1912, in which it was charged with the loans tax for 1911 on $341,966, being the indebtedness represented by the mortgages and accompanying bonds held by individuals and trustees in Pennsylvania, the tax thereon amounting to $1,367.18; and after deducting the treasurer's commission and adding a penalty of 10 per cent. for failure to make report in due time, there was claimed by the Commonwealth the sum of $1,445.60.   From this settlement the company duly appealed.

### DISCUSSION.

The tax which is here sought to be recovered is the tax on the mortgage indebtedness created by the defendant company's grantor. The tax on such indebtedness is assessable and collectible through the local authorities, while the tax on corporate indebtedness is collectible by the corporation. By Section 4 of the Act of June 30, 1885, P. L. 193, the corporation is required to assess the tax and collect it out of the interest which it pays on "any scrip, bond or certificate of indebtedness issued by said corporation," and in another part of the section, upon the payment of the tax, "the bonds, certificates or other evidences of indebtedness issued by it" (by the corporation) are exempt from all other taxation. In the proviso of Section 6 of the act, where the taxable is directed not to include in the return to the local authorities corporate indebtedness, the language is, "obligations of public or private corporations." Proviso 2, Section 2, Act of June 1, 1889, P. L. 420. So it is clear that the tax which the corporation is required to assess and collect is that which is due on the certificates or evidences of its own indebtedness. This tax is imposed by the Act of June 1, 1889, P. L. 420, and the Act of June 8, 1891, P. L. 229, and the subjects of the tax are described in the following words, "all loans issued by......corporations, associations, companies or limited partnerships......including car trust securities and loans secured by bonds or any other form of certificate or evidence of indebtedness," that is, the loans or indebtedness which the corporation has created and for which it has issued its obligations. The mortgages and bonds upon which the tax is claimed in the settlement before us were not issued by the defendant company and are not its obligations. They are therefore not of the class described in Section 4 of the Act of 1885, the tax upon which it is the duty of the corporation to assess and collect.

But the Commonwealth contends that the defendant

company assumed the mortgage indebtedness by the stipulation contained in the deeds of conveyance and thus made it its own; hence it was in duty bound to collect the tax by deducting it from the interest which it paid on the indebtedness. We do not think the stipulation had that effect. It is well settled that such a stipulation is a covenant to indemnify or to protect the grantor against loss in the event the mortgage indebtedness is not paid out of the land or otherwise. It does not enure to the benefit of the mortgagees or the holders of the indebtedness. They cannot enforce it against the grantee. They are no parties to it. They have no contractual relation at all with the grantee. The grantee's liability is to the grantor alone: Act of June 12, 1878, P. L. 205; McAbee v. Cribbs, 194 Pa. 94; May's Est., 218 Pa. 64; Tritten's Est., 238 Pa. 555; Smith v. Danielson, 45 Pa. Superior Ct. 125. The stipulation cannot therefore be construed as an assumption of the indebtedness, so far as the holders of the indebtedness are concerned, nor be held to have established between the grantee and them the relation of debtor and creditor. The indebtedness notwithstanding still remained the indebtedness of the grantor or mortgagor, and his personal liability to the holders thereof as well as the liability of the land for the mortgage debt continued. We are not convinced that the effect of the stipulation was to change the agency through which the tax on the mortgage debt was theretofore assessed and collected, and to transfer that duty from the local authorities to the defendant company.

To the suggestion that the stipulation is itself a certificate of indebtedness issued by the company, upon which the tax is imposed, and that the tax is therefore collectible out of the interest paid thereunder, what we have said applies with equal force. The defendant company's obligation under the stipulation does not constitute a debt or loan within the common acceptation of the term.

The fact that the defendant paid the interest on the mortgage indebtedness is not of itself enough to make it liable for the collection of the tax. The duty to collect does not arise out of the payment of interest, but from express statute. If it be not found there, it does not exist. What we have said is in harmony with Com. v. J. Langdon & Co., Inc., 1 Dauphin County Rep. 123; Com. v. William M. Lloyd Co., 15 Dauphin County Rep. 149; Com. v. Hillside Coal & Iron Co., 1 Pa. Dist. Rep. 742; Com. v. Union Traction Co., 192 Pa. 507. The present case, like those referred to, does not fall within the letter nor do we think within the intention of the Act of 1885.

### CONCLUSIONS.

Wherefore we conclude:

1. That the obligation contained in the deeds to the defendant company is not an indebtedness or loan issued by the corporation and intended to be embraced by the Act of June 30, 1885.

2. That the mortgage indebtedness covering the lands conveyed is taxable in the hands of the holders thereof, and the tax thereon is collectible through the local authorities.

3. That it did not become the duty of the treasurer of the defendant company, because of the obligation contained in the deeds of conveyance, to deduct the tax from the interest which it paid on the indebtedness.

The court entered judgment for defendant. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of the trial judge and the judgment of the court.

*Wm. M. Hargest*, Deputy Attorney General, with him *Francis Shunk Brown*, Attorney General, for appellant.

*John W. Jacobs,* for appellee.


PER CURIAM, July 1, 1916:

What the Commonwealth would collect from the Dupont Land Company is a tax on mortgages and accompanying bonds given by the company's grantor to various mortgagees.   In each of the deeds to it for the lands so encumbered by him there is a stipulation that it "assumes and agrees to pay" the principal and interest of the mortgage indebtedness.   The learned president judge of the court below clearly demonstrates that this stipulation in the deeds accepted by the company did not make the mortgages for which the respective properties were encumbered indebtedness of the company within the contemplation of the Act of June 30, 1885, P. L. 193, and the judgment is affirmed on the opinion directing it to be entered.