# Lowry, Trustee, Appellant, *v.* Hensal's Heirs et al.

*Mortgage—Purchaser of mortgaged premises—Assumption of liability—Principal and surety—Relations between purchaser of premises and mortgagee —Novation —Chose in action —Equity — Jurisdiction—Corporations—Creditors—Acts of March 23, 1877, P. L. 32, and May 4, 1893, P. L. 29.*

1. One purchasing a property and agreeing to pay a mortgage debt, is, under the general rule, a purchaser as between himself and the vendor of the entire estate, and is liable to pay the mortgage as a part of the purchase money due from him.

2. In such case, as between themselves, the grantee is the particular debtor and personally liable for the debt, and the grantor is surety.

3. If, on the foreclosure of the mortgage, there is a deficiency which the grantor is obliged to pay, he may recover the amount of his loss in an action against the grantee.

4. As between grantor and grantee, before the grantor can recover on the covenant of indemnity, he must show a loss has been suffered.

5. The mortgagee is not a party to the sale, and his rights are entirely unaffected by anything that may be done by subsequent owners of the land, unless, by agreement amounting to a novation, he consents to a substituted debtor. He may proceed against the mortgagor, or directly against the grantee, but the mortgagee and grantee are not to be considered as being in contractual relation.

6. A party may sue on a promise made on sufficient consideration for his use and benefit though it be made to another and not to himself.

7. It is the doctrine of equity that a creditor may avail himself of any security which his debtor holds from a third person for the payment of a debt.

8. While in an assumption and agreement to pay by the grantee of the mortgagor, the mortgagee has a direct action against the grantee, yet it is a chose in action, and without more does not make the mortgagee a creditor within the meaning of the Acts of March 23, 1877, P. L. 32, and May 4, 1893, P. L. 29, which give equity jurisdiction between corporations and creditors.

*Mortgage—Trustee mortgage—Segregation and sale of separate tract—Equity—Costs.*

9. A chancellor has no authority to direct a trustee who holds a mortgage against a number of pieces of land in trust for the creditors there mentioned as a unit or class, to segregate one piece and sell it for the benefit of one creditor to the exclusion of others of the same class whose rights are all equal, thereby causing the institution of a number of foreclosure proceedings, each with its own costs added.

Argued October 8, 1924. Appeal, No. 13, Oct. T., 1924, by plaintiff, from decree of C. P. Somerset Co., No. 5, Equity Docket, 1923, dismissing bill in equity, in case of J. C. Lowry, Trustee, v. Heirs and Legal Representatives of Davis C. Hensal, deceased, Pinkerton Coal & Coke Co. et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to foreclose mortgage. Before BERKEY, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*C. J. McCullough* and *J. C. Lowry,* for appellant.—A vendee of property taken expressly subject to a mortgage, makes the debt his own: May's Est., 218 Pa. 64, 69-70; Kirker v. Wylie, 207 Pa. 511; Hoff's App., 24 Pa. 200.

By the acceptance of a deed containing an assumption of a mortgage debt, the grantee becomes the principal debtor: Keller v. Ashford, 133 U. S. 610.

The court of common pleas, sitting as a court of equity, has, under the Act of March 23, 1877, P. L. 32, and also under the Act of May 4, 1893, P. L. 29, jurisdiction to enforce against a coal mining corporation the rights of creditors under a mortgage, payment of which was assumed by said corporation, when it purchased the

property bound thereby: Old Colony Trust Co. v. Transit Co., 192 Pa. 596; Girard Trust Co. v. Land & Imp. Co., 221 Pa. 52.

A power of sale contained in a mortgage is not an exclusive remedy, but merely cumulative, not superseding any other remedy provided by law: Girard Trust Co. v. Land & Imp. Co., 221 Pa. 52.

A cloud on a title is a title or encumbrance apparently valid, but in fact invalid. Equity has jurisdiction to remove clouds on titles: Onorato v. Carline, 272 Pa. 489; Rice's App., 79 Pa. 168.

Where, in the opinion of the court, the action should have been at law, the proper practice is to certify the case to the law side of the court, not to dismiss the bill. To dismiss the bill, under such circumstances, is error, and the appellate court will reverse the action, directing the reinstatement of the bill: Costley v. Smith, 278 Pa. 242; Heller v. Fishman, 278 Pa. 328.

*A. M. Liveright,* with him *Ross R. Scott* and *W. Wallace Smith,* for appellee.—There is no jurisdiction in equity to decree a sale of mortgaged premises for payment of the mortgage debt, and such a decree will be made only where equity has jurisdiction on other grounds, and the sale is necessary to the completion of the relief afforded: Ashurst v. Iron Co., 35 Pa. 30; Bradley v. Chester Val. R. R., 36 Pa. 141; Winton's App., 97 Pa. 385; Girard Trust Co. v. Land, etc., Co., 221 Pa. 52; New York Trust Co. v. Coal Co., 227 Pa. 611.

The very thing which appellant explicitly states to be the purpose of the bill in equity and shown by his ninth prayer to be the purpose, has been determined unlawful in this jurisdiction: Western Penn Hospital v. Liberty Hall, 189 Pa. 269; Com. v. R. R., 122 Pa. 306.

The bill itself clearly shows that it is nothing but a move to enforce against each piece of real estate the specific debt for which it is liable and upon which such

debt is a lien. This cannot be done: Western Penna. Hospital v. Liberty Hall, 189 Pa. 269; Com. v. R. R., 122 Pa. 306.

OPINION BY MR. JUSTICE KEPHART, November 24, 1924:

David C. Hensal bought nine separate tracts of coal land from different owners; included therein was the land of David Heinbaugh. In part payment of all the land, Hensal executed a mortgage on the nine tracts to John R. Scott as trustee for the former owners. The balance of the purchase money due to each was specifically set forth in the mortgage for the use of the former owner; a judgment for their benefit, in addition to the mortgage, was held by the trustee.

Hensal thereafter sold these tracts, with eight others, to the Pinkerton Coal Company, in part satisfaction of the purchase price; the company delivered to Hensal a mortgage for $62,197.38, covering the seventeen pieces. Of that amount $23,618.12 was specifically appropriated to the payment of the mortgage and bond given by Hensal to Scott, and a bond covering this item was given to Scott, trustee, as secured by the Pinkerton mortgage. In addition, for the purposes of this case, we may say the Pinkerton Company by the terms of its mortgage assumed and agreed to pay the grantor's mortgage to Scott, trustee. The latter died, and J. C. Lowry was appointed trustee to succeed him.

Defaults were made in both mortgages; the Pinkerton Coal Company did not pay the Hensal mortgage or interest that it had assumed and agreed to pay; nor did the mortgagor, Hensal, or his estate, pay Lowry, trustee, any part of the mortgage held by him. A bill was filed by the trustee to foreclose the first, or Hensal, mortgage, in which action the heirs and legal representatives of Hensal, the Pinkerton Coal Company and the assignees of all of the bonds created by the Pinkerton Company mortgage, were named as defendants. Its prayer called for specific execution against that portion of the land

(260 acres), which David Heinbaugh had conveyed to Hensal, and by the latter to the coal company. This same land was covered by both mortgages, and the bill would segregate it and endeavor to make the former owner's (Heinbaugh's) purchase money from a sale of it. In response to the answer denying jurisdiction, the court below dismissed the bill, and from that decree this appeal is taken.

Appellant urges, the Pinkerton Coal Company, in assuming and agreeing to pay the Hensal mortgage, is the principal debtor, and this being a dispute between a corporation and creditors, the Acts of March 23, 1877, P. L. 32, and May 4, 1893, P. L. 29, give equity jurisdiction. He further urges there is nothing in the law to forbid his selling through equity the land he had conveyed, even though included in a number of properties conveyed to a trustee to secure a number of creditors or bondholders, although the segregated property be sold to the exclusion of other creditors.

Assuming the language of the coal company's mortgage has the same binding force as if contained in a deed (see 1 Pingrey on Mortgages, 1003, 1007; 2 Jones on Mortgages, 7th ed., 165, 168), and creates an agreement to assume and to pay the grantor's (Hensal's) mortgage to Scott, trustee (and we see no reason why there should be any difference between a deed and a mortgage in this respect), it is clear that, as between Hensal, grantor and mortgagor, and the Pinkerton Coal Company, grantee, the general rule is that one purchasing a property and agreeing to pay a mortgage debt, is a purchaser as between himself and the vendor of the entire estate, and is liable to pay the mortgage as part of the purchase money due from him. Therefore, as between them, the grantee is the principal debtor, and personally liable for the debt, and the grantor is surety: Willock's Est., 58 Pa. Superior Ct. 159, 163, and authorities cited; May's Est., 218 Pa. 64, 69.

If, on the foreclosure of the mortgage, there is a deficiency which the grantor is obliged to pay, he may recover the amount of his loss in an action against the grantee. The latter's liability is coextensive with the original obligation. But, like all covenants of indemnity, as between grantor and grantee, before the grantor can recover on the covenant of indemnity, he must show a loss has been suffered: May's Estate, supra. These are some of the legal relations between the grantor and grantee. The mortgagee is not a party to this arrangement, and his rights are entirely unaffected by anything that may be done by subsequent owners of the land, unless, by agreement amounting to a novation, he consents to a substituted debtor. He may proceed against the mortgagor, or directly against the grantee. The most recent authority on the latter principle is Gill's Est., 268 Pa. 500, by Mr. Justice SIMPSON (502): "It is clear, from a long line of cases, that, while such an agreement is ordinarily only a covenant of indemnity to the grantor, yet, if the parties so intend [and here the agreement to assume and pay is sufficient], it will create a personal liability by the grantee to the holder of the encumbrance......, and if necessary recovery may be had in name of the vendor to the use of the encumbrancer," citing Merriman v. Moore, 90 Pa. 78, and Blood v. Crew Levick Co., 171 Pa. 328. The right to sue is based in part on the principle stated in Willock's Est., supra, that a party may sue on a promise made on sufficient consideration for his use and benefit though it be made to another and not to himself; this is an application of the equitable doctrine that a creditor may avail himself of any security which his debtor holds from a third person for the payment of a debt. To this extent it has been held that the mortgagor and his grantee are each liable as principal debtors to the mortgagee. See Old Colony Trust Co. v. Transit Co., 192 Pa. 596, 618; Fish v. Glover, 154 Ill. 86, 39 N. E. 1081. But the mortgagee and grantee are not to be considered as being in contrac-

tual relation. The second grantee is in no sense a party to the first grantee's mortgage contract, and, while he assumes the payment of the debt and becomes personally liable, that liability can be enforced through an independent action at law in the name of the grantor. The remedy, under the facts submitted in this record, is adequate to reach and hold the Pinkerton Coal Company for the entire debt. The trustee here may also proceed by scire facias on the Hensal mortgage, sell the land covered by it, and, if there is a deficit, proceed against his mortgagor or the second grantee for the difference.

Commonwealth v. DuPont Land Co., 254 Pa. 446, must be read in considering this liability. What is said by the court below in that case does not overrule the line of authorities mentioned in Gill's Est., supra, and Willock's Est., supra, nor the other authorities announcing the legal principle evolved from the assumption and agreement to pay a first mortgage. This court correctly limited the lower court's opinion when, in a per curiam, we said, "What the Commonwealth would collect from the Dupont Land Company is a tax on mortgages and accompanying bonds given by the company's grantor to various mortgagees. In each of the deeds to it for the lands so encumbered by him there is a stipulation that it 'assumes and agrees to pay' the principal and interest of the mortgage indebtedness. The learned president judge of the court below clearly demonstrates that this stipulation in the deeds accepted by the company did not make the mortgages, for which the respective properties were encumbered, indebtedness of the company within the contemplation of the Act of June 30, 1885, P. L. 193, and the judgment is affirmed on the opinion directing it to be entered." While there is no doubt in this Commonwealth that, in an assumption and agreement to pay, the mortgagee has a direct action against the grantee; yet it is a chose in action, and, without more, it does not make the mortgagee a creditor within the meaning of the Acts of 1893 and 1877, so that equity

could have jurisdiction in cases of disputes between companies and creditors. See Blood v. Crew Levick Co., 171 Pa. 342. The court below was clearly right in holding equity did not have jurisdiction, and there was an adequate remedy at law, as pointed out above.

Moreover, a chancellor has no authority to direct a trustee who holds a mortgage against a number of pieces of land, in trust for the creditors there mentioned as a unit or class, to segregate one piece and sell it for the benefit of one creditor to the exclusion of others of the same class whose rights are all equal (Western Pa. Hospital v. Mercantile Library Hall Co., 189 Pa. 269), thereby causing the institution of a number of foreclosure proceedings, each with its own costs added. We have been referred to no authority permitting such chopping up of property, and the idea is in violation of the fundamental thought that a mortgage such as this is given for the protection and benefit of all beneficiaries interested; all must participate in the proceeds of sale alike. To hold otherwise would permit gross discrimination to be practiced.

The decree of the court below is affirmed at the cost of appellant.