## Dietz v. The Girard Craftsman's Club of Philadelphia.

*Mortgage—Purchaser under and subject to mortgage—Strawman—Act of June 12, 1878.*

1. A purchaser under and subject to a mortgage is under no duty to pay the mortgage debt, unless there is an express covenant to pay the mortgage or a covenant which must be so construed.

2. Under the Act of June 12, 1878, P. L. 205, the grantee's intention to pay the mortgage, whether expressed or implied, must be evidenced by a writing.

3. Where a corporation conveys its real estate to a strawman, who executes a third mortgage thereon, and then reconveys the property to the corporation "under and subject to existing encumbrances," and thereafter the property is sold under a prior mortgage and the third mortgage is discharged, the trustee of the third mortgage cannot come upon the assets of the corporation in the hands of a receiver.

Claim of the Land Title and Trust Company, trustee for bondholders. C. P. No. 1, Phila. Co., March T., 1926, No. 16916, in Equity.

*Barnes, Biddle & Morris,* for Land Title and Trust Company, claimant.

*H. M. McCaughey,* for receiver.

KUN, J., Dec. 8, 1927.—The claim of the Land Title and Trust Company, as trustee for bondholders of certain third mortgage 6 per cent. gold bonds of Thomas G. Baker, was filed in the sum of $270,000. It was stipulated between counsel for the claimant and counsel for the receiver that the facts are as follows:

The Girard Craftsman's Club of Philadelphia conveyed its property at 20th and Chestnut Streets, Philadelphia, to Thomas G. Baker, strawman, who executed three mortgages on the property, the third of which was to the Land Title and Trust Company, as trustee, to secure the payment of certain third mortgage 6 per cent. gold bonds of the said Thomas G. Baker. Thereafter, Baker conveyed the premises to the Girard Craftman's Club of Philadelphia, "under and subject to existing encumbrances." Thereafter, there was default in the payment of the interest on the bonds; the first mortgagee foreclosed, and the property was bought in by the second mortgagee. Nothing was paid on the third mortgage bonds. The principal was declared due, and the security being exhausted by the discharge of the third mortgage by the sale under the foreclosure proceedings on the first mortgage, the Land Title and Trust Company, as trustee for the holders of the third mortgage 6 per cent. bonds of the said Baker, secured by mortgage executed to it by the said Baker, now asserts a claim against the assets of the Girard Craftsman's Club of Philadel phia in the hands of the receiver.

The claimant recognizes the well-known rule of law that a purchaser under and subject to a mortgage is under no duty to pay the mortgage debt. It points out the limitation to this rule that if the purchaser expressly covenants to pay the mortgage, or if the terms of the conveyance import a covenant on his part to be personally answerable, the purchaser may become personally liable to the mortgagee. This simply means that there must be an expressed covenant to pay the mortgage or a covenant which must be so construed. In any event, it is required by the Act of June 12, 1878, P. L. 205, that the grantee's intention to pay the mortgage, whether expressed or implied, must be evidenced by a writing.

In these circumstances, there seems to be no way to hold the Girard Craftsman's Club of Philadelphia liable for the payment of the third mortgage bonds issued by Baker. While it is, no doubt, true the bonds and mortgage

were executed by Baker as strawman for the club so as to make the bonds legal investments for trust funds in this State, it is also true that the loan was advanced by the claimant to Baker, a known strawman, on the security of the mortgaged premises and not on the responsibility of the club, otherwise it probably would have exacted a collateral undertaking of the club in addition to the bonds issued to it by Baker. While the purpose of the conveyance to Baker and the execution of the bonds and mortgages by him was not to relieve the club of any possible liability in the matter, it is a well-known fact that such intermediate conveyances to strawmen are frequently made for the very purpose of relieving the real owners of personal liability on the mortgage obligations. Mortgagees in such cases look entirely to the value of the mortgaged premises as the security for the obligations they take, and they cannot, after accepting such obligations of strawmen, hold the real owners liable unless the real owners have specifically assumed such liability.

The Girard Craftman's Club of Philadelphia took title to the premises in this case from Baker "under and subject to existing encumbrances." It neither expressly covenanted to pay the mortgage of Baker to the Land Title and Trust Company, trustee, nor did it make any covenants with him, the terms of which import a covenant on its part to pay the mortgage. In fact, no writing whatever has been referred to, as required by the Act of June 12, 1878, P. L. 205, evidencing any intention on its part to pay the mortgage. Moreover, such a covenant would enure only to the benefit of the grantor and not to a third-party mortgagee who had no contractual relation with the grantee: Sloan v. Klein, 230 Pa. 132; Tritten's Estate, 238 Pa. 555; Com. v. Du Pont Land Co., 254 Pa. 446.

No basis has been established for the claim of the Land Title and Trust Company, as trustee, against the assets of the Girard Craftman's Club of Philadelphia in the hands of the receiver. The claim is accordingly disallowed.