## Supreme Pretzel Co., to use, v. Superior-Supreme Pretzel Co.

*Stevens & Lee*, for plaintiff; *George B. Balmer*, for defendant.

SHANAMAN, J., July 2, 1934.—Plaintiff, the assignee of a second mortgage, obtained execution by a sheriff's sale of the encumbered premises. At the sale it bought the property for $10 and now has brought suit against the owner at the time of the execution, to recover costs, taxes, a mortgage debt, and an item of interest paid by plaintiff to the holder of the first mortgage, which accrued up to the date of the sheriff's sale.

Plaintiff bases its right to recover upon a clause in the deed whereby defendant took title, wherein the conveyance is stated to be under and subject to the said mortgages, "the payment of which at maturity is assumed by the grantee herein." Plaintiff contends that, as holder of one of the encumbrances, which defendant agreed with its grantor to pay, plaintiff may lawfully bring suit in the name of defendant's grantor, to plaintiff's use, and recover from defendant. Defendant contends that its assumption of the mortgage debt was made only with defendant's grantor and as an indemnity to said grantor against further liability to the encumbrance holders; and that plaintiff cannot, in the absence of a novation, avail itself of the benefits of a contract made between other per-

sons than plaintiff and not for plaintiff's benefit.. We would observe here that defedant's grantor was a grantee subsequent to the giving of the mortgages and, as far as appears, was not personally liable on them.

Plaintiff relies on Lowry, Trustee, v. Hensal's Heirs et al., 281 Pa. 572. Defendant cites Fisler v. Reach, 202 Pa. 74, Tritten's Estate, 238 Pa. 555, and Sloan v. Klein, 230 Pa. 132. A quite recent case on the subject is Britton v. Roth, 313 Pa. 352. The Supreme Court, speaking through Chief Justice Frazer, there said (p. 356) :

"The law is well settled that the grantee of mortgaged premises takes them with a contingent liability to reimburse his grantor for any loss arising through nonpayment of the mortgage debt, where the deed recites that the conveyance is 'under and subject' to the mortgage on the property: May's Est., 218 Pa. 64; Lowry v. Hensal, 281 Pa. 572. A fortiori, the liability of the grantee to his grantor is no less where the grantee personally assumes and agrees to pay the mortgage. In the latter situation, however, the liability of the grantee also extends to the mortgagee, who may recover the mortgage debt upon default by an action in the name of the grantor to the use of the mortgagee: Blood v. Crew Levick Co., 177 Pa. 606. Since the Act of June 12, 1878, P. L. 205, no personal liability exists on the part of the grantee to the mortgagee unless the deed of conveyance contains express words stating the grant is made on condition of grantee assuming personal liability or unless the mortgage is personally assumed by an agreement in writing."

It is true that such parts of the quotation as refer to the rights of a mortgagee against the grantee are dicta, since the suit was brought by grantor against grantee and not by the holder of the mortgage. Nevertheless, the quotation as a whole constitutes a careful and apparently intentional exposition by the Supreme Court of the fundamental principles governing the rights both of grantor and of mortgagee, and we cannot depart from the law there laid down. We are confirmed in this opinion by a consideration of the case of Lowry, Trustee, v. Hensal's Heirs et al., supra, cited in the quotation.

In that case, the same court said (p. 577) :

"The mortgagee is not a party to this arrangement, and his rights are entirely unaffected by anything that may be done by subsequent owners of the land, unless, by agreement amounting to a novation, he consents to a substituted debtor. He may proceed agaist the mortgagor, or directly against the grantee. The most recent authority on the latter principle is Gill's Est., 268 Pa. 500, by Mr. Justice Simpson (502) : 'It is clear, from a long line of cases, that, while such an agreement is ordinarily only a covenant of indemnity to the grantor, yet, if the parties so intend [and here the agreement to assume and pay is sufficient], it will create a personal liability by the grantee to the holder of the encumbrance . . . , and if necessary recovery may be had in name of the vendor to the use of the encumbrancer,' citing Merriman v. Moore, 90 Pa. 78, and Blood v. Crew Levick Co., 171 Pa. 328. The right to sue is based in part on the principle stated in Willock's Est. [58 Pa. Superior Ct. 159], supra, that a party may sue on a promise made on sufficient consideration for his use and benefit though it be made to another and not to himself; this is an application of the equitable doctrine that a creditor may avail himself of any security which his debtor holds from a third person for the payment of a debt. To this extent it has been held that the mortgagor and his grantee are each liable as principal debtors to the mortgagee. See Old Colony Trust Co. v. Transit Co., 192 Pa. 596, 618; Fish v. Glover, 154 Ill. 86, 39 N. E. 1081. But the mortgagee and grantee are not to be considered as being in contractual relation. The second

636

grantee is in no sense a party to the first grantee's mortgage contract, and, while he assumes the payment of the debt and becomes personally liable, that liability can be enforced through an independent action at law in the name of the grantor. The remedy, under the facts submitted in this record, is adequate to reach and hold the Pinkerton Coal Company for the entire debt. The trustee here may also proceed by scire facias on the Hensal mortgage, sell the land covered by it, and, if there is a deficit, proceed against his mortgagor or the second grantee for the difference."

Lowry v. Hensal involved and affirmatively decided the right of the mortgagee, not a party to the assumption, to avail himself of its benefits by a proper proceeding on the law side of the court. In neither of the above-quoted cases is there any limitation of the doctrine to an assumption made directly with the mortgagor, and the language of both opinions embraces and affirms the right of the holder of the mortgage to avail himself of assumptions to pay it, which were contracted for by an agreement in writing between any of the subsequent grantees of the title.

Defendant has not filed an affidavit of defense. The plaintiff's statement of claim shows (1) an express assumption of personal liability "by an agreement in writing", and thereby complies with the Act of June 12, 1878, P. L. 205, sec. 1. The statute does not require the signature of the obligor: Livengood v. Hay, 55 Pa. Superior Ct. 134. The statement shows (2) a loss, in the amounts claimed actually suffered by plaintiff; (3) a suit brought within the principles of Briton v. Roth and Lowry v. Hensal, supra. The plaintiff's right to recover taxes finds support in the allegation that defendant was the owner of the property when the taxes on it, paid by plaintiff, accrued. The right to recover interest paid on the first mortgage by plaintiff, accruing until the sheriff's sale, arises out of the same or an analogous principle. Prima facie, therefore, the statement of claim sets forth a good and well pleaded cause of action.

Defendant has taken a rule on plaintiff's attorneys to file a warrant of attorney for their right to represent Supreme Pretzel Company, which is the legal plaintiff on the record and is the grantor in the deed to defendant. If the plaintiff's statement did not reveal a state of facts which prima facie vests the right, the loss, and the remedy in the use-plaintiff, holder of the mortgage, the defendant, under the Act of April 14, 1834, P. L. 333, sec. 71, could rightfully demand the filing of the power; but where—as here— the legal plaintiff is a merely nominal party, and the statement of claim reveals at first blush that the right, the loss, and the remedy are now in the use-plaintiff, the right of defendant to have the warrant of attorney filed becomes less clear. Under such circumstances, the case of Mississippi C. R. R. Co. v. The Southern R. R. Association, 8 Phila. 107, cited by defendant, is not apposite. Defendant cites Fisler v. Reach, 202 Pa. 74, but this case can be readily distinguished by the fact that it had to do with a sale merely "under and subject", but without any assumption of payment by the grantee.

Plaintiff's attorneys filed an answer and an additional answer, setting up that the legal plaintiff has filed an "out of existence" affidavit in the Department of Revenue and has ceased business. In Qualey, Admx., v. Scott, 28 Dist. R. 605, a trespass action, the court held that no warrant was necessary where the plaintiff died a few days after the accident. It would appear that where the inclusion of the legal plaintiff as a party plaintiff is necessary to an orderly and correct pleading, and where, due to the present nonexistence of such plaintiff, no power of attorney can be obtained, an insistence upon such power of attorney would deny to use-plaintiff the substance of his remedy.

We are of opinion that the rule on plaintiff's counsel to produce and file

power of attorney to represent the legal plaintiff should, for the reasons stated, be discharged.

And now, to wit, July 2, 1934, defendant's rule to file power of attorney is discharged. From Charles K. Derr, Reading, Pa.